**TWIND ENERGY CORP., Plaintiff,**

**v.**

**MAXAXAM CORP., George E. Brackett, Thomas A. Murphy and O.J. Rudd, Defendants.**

**Civ. No. 89–0132 P.**

United States District Court, D. Maine.

Nov. 15, 1990.

Lynn Phillips, Dallas, Tex., Sidney S. Thaxter, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, Me., for Twind Energy Corp.

Edward S. MacColl, Portland, Me., for Maxaxam Corp., George E. Brackett and O.J. Rudd.

Thomas A. Murphy, Marco Island, Fla., pro se.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### GENE CARTER, Chief Judge.

Plaintiff originally brought this action against Maxaxam Corp., the majority shareholder of the stock of Plaintiff, and against former directors and officers of Plaintiff. Plaintiff's First Amended Complaint alleged that Defendants violated various federal securities laws. It also claimed that the individual defendants breached fiduciary duties owed to Plaintiff, allegedly violating the Maine conflict of interest statute, 13–A M.R.S.A. § 716. The amended complaint also set forth a variety of indistinct allegations possibly constituting state law claims.

On February 28, 1990, Defendants [1] filed a motion to dismiss the action or, in the alternative, for summary judgment. Defendants primarily attacked the amended complaint's lack of clarity and its failure to comply with the Federal Rules of Civil Procedure. Defendants also argued that the Court lacked jurisdiction, contending that the amended complaint did not state a valid federal cause of action. The Court agreed that the amended complaint was poorly drafted, but it determined that the Federal Rules of Civil Procedure did not require dismissal, at that time, due to the pleading defects. Instead, the Court granted Plaintiff's request for leave to amend the complaint to clarify its ambiguity, to state with further particularity the claims of securities fraud, and to clarify the various claims set forth in the amended complaint. The Court deferred ruling on Defendants' motion to dismiss or for summary judgment pending receipt of a lucid complaint. *See Twind Energy Corp. v. Maxaxam Corp.,* Memorandum of Decision and Order, Civil No. 89–0132 P (October 12, 1990).

In its October 12, 1990 Order, the Court also found that the memoranda of law filed in support and in opposition to Defendants' motion to dismiss were unduly deficient in their discussion of Plaintiff's claim under Rule 10b–5 and Section 10(b) of the Securities Exchange Act of 1934. Because the issue was central to the Court's subject matter jurisdiction, the Court ordered the parties to submit supplemental memoranda addressing the issue.

On November 1, 1990, the last day permitted by the Court to amend the complaint, Plaintiff filed a five-count Second Amended Complaint. Count III of the Second Amended Complaint set forth the only claim based on federal law. On November 6, 1990, the last day allowed by the Court to submit supplemental memoranda on the issues described above, Defendants submitted a memorandum of law thoroughly treating the securities law issues raised by

**1.** Defendant Murphy filed a motion to dismiss or for summary judgment on February 28, 1990. On that same date Defendants Maxaxam, Brackett and Rudd moved to join Murphy's motion.

The Court, in the absence of an objection by Plaintiff, granted the motion to join pursuant to Local Rule 19(c). The Court thus treats the motion as one by all Defendants.

Plaintiff's Second Amended Complaint. Also on November 6, 1990, five days after submitting an amended complaint, Plaintiff submitted the memorandum of law requested by the Court in its earlier order. In that memorandum, Plaintiff states that the Court's Order of October 12, 1990

> has caused plaintiff and its counsel to analyze in a new light the murky issues surrounding this unusual § 10(b) claim.... After analyzing a range of issues raised by the argument, plaintiff has concluded that a securities fraud action will not lie, under the circumstances presented, with Twind Energy Corp. as the plaintiff.... Accordingly, plaintiff consents to dismissal with prejudice of Count III (the sole federal count) of its Second Amended Complaint.

Because Plaintiff consents to dismissal of Count III of its Second Amended Complaint, the Court will grant Defendants' motion to dismiss that claim.

The remaining claims in Plaintiff's Second Amended Complaint arise under state law. Because the Court will grant Defendants' motion to dismiss Plaintiff's only federal claim, it must address the propriety of a continued exercise of pendent jurisdiction over Plaintiff's state-law-based claims. *See UMW v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This Court has previously indicated that *Gibbs'* admonition that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well," 383 U.S. at 726, 86 S.Ct. at 1139, "seems clearly to require dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient." *Snowden v. Millinocket Regional Hospital*, 727 F.Supp. 701, 710 (D.Me.1990). Plaintiff's only federal claim will be dismissed before trial, and thus the Court

must dismiss without prejudice Plaintiff's remaining state-law claims.[2]  *Id.*

Accordingly, it is hereby ORDERED that:

(1) Count III of Plaintiff's Second Amended Complaint be, and it is hereby, DISMISSED with prejudice; and

(2) Counts I, II, IV and V of Plaintiff's Second Amended Complaint be, and they are hereby, DISMISSED without prejudice.

---

**2.** The Court notes that if it had discretion to determine whether the continued exercise of pendent jurisdiction was appropriate, it would conclude that considerations of comity and substantial justice to the parties required dismissal of Plaintiff's state claims. *See UMW v. Gibbs*, 383 U.S. at 726, 727, 86 S.Ct. at 1139, 1139–40 ("Needless decisions of state law should be

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case.")