**In re The ONE BANCORP SECURITIES LITIGATION.**

Steven COOPERMAN, James A. Calhoun, Allen Mazerolle, Lawrence A. Green and William R. Eklund, Plaintiffs,

v.

The ONE BANCORP, Frank W. Pape, Jr., Vincent E. Furey, Jr., W. Langedon Bell, Jr., Francis E. McFarland and Ernst & Young, Defendants.

Master Civ. File No. 89–0315–P.

United States District Court, D. Maine.

March 15, 1991.

See also 134 F.R.D. 4.

Jack H. Simmons, Lewiston, Me., Robert B. Sugarman, New York City, and Gerald Rodos, Philadelphia, Pa., for plaintiffs.

Kevin G. Libby, Portland, Me. and John Matson, Ernst & Young, New York City, for Arthur Young.

Robert S. Frank, Portland, Me., for all other defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT ERNST & YOUNG'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

This case is one of numerous securities fraud claims brought against banks in the wake of the recent downturn in the New England real estate market.[1] Plaintiffs are shareholders of Defendant The One Bancorp, a bank holding company. Plaintiffs allege that The One Bancorp's 1987 and 1988 financial statements were false and misleading, thereby causing them to purchase the company's stock at artificially inflated prices. Plaintiffs allege that loan loss reserves in those financial statements were knowingly or recklessly set too low, giving investors a distorted view of the company's financial health. Plaintiffs claim that as a result of its role in the alleged misrepresentations, Ernst & Young, the successor in interest to The One Bancorp's outside auditor, is liable to them for securities fraud (Count I), common law fraud (Count III), and negligent misrepresentation (Count IV).

Defendant Ernst & Young now moves to dismiss Counts I and III as to it for failure to plead fraud with particularity, as is required by Rule 9(b) of the Federal Rules of Civil Procedure. It also moves to dismiss Count IV as to it for lack of jurisdiction or, in the alternative, for failure to state a claim. For the reasons that follow, the Court will grant the motion.

## I. *The Consolidated Amended Complaint*

Because Ernst & Young's motion challenges the sufficiency of the allegations in the Consolidated Amended Complaint, the Court will set out the pertinent allegations contained therein in some detail. With the exception of paragraph 5 of the complaint, which identifies Plaintiffs, the complaint's allegations, summarized below, are made on information and belief.[2]

Defendant The One Bancorp is a bank holding company which is registered with the Securities and Exchange Commission pursuant to 15 U.S.C. § 78g. The One Bancorp was organized in December 1983 for the purpose of becoming the parent holding company of Maine Savings Bank, which at that time converted from a mutual savings and loan association to a capital stock savings bank. At all times relevant to this action, The One Bancorp's common stock and convertible debentures were traded in the over-the-counter securities market, and the market for trading those securities were well-developed and efficient.

Between 1986 and 1989, The One Bancorp embarked on a program of expansion and acquired all the capital stock in three New England savings banks. The complaint alleges that The One Bancorp also began making increasingly risky loans, particularly in the real estate sector, without making adequate market studies, background checks or timely appraisals.[3] Real estate prices in New England, which had been rapidly increasing in the early part of the decade, began to decline steadily in early 1988. As a result of its allegedly aggressive lending practices and the falling real estate market, The One Bancorp found itself involved in mounting problem loans

---

**1.** *See, e.g., Boyle v. Merrimack Bancorp, Inc.,* 756 F.Supp. 55 (D.Mass.1991) (and cases cited therein); *Haft v. Eastland Financial Corp.,* 755 F.Supp. 1123 (D.R.I.1991) (and cases cited therein); *Akerman v. Bankworcester Corp.,* 751 F.Supp. 11 (D.Mass.1990).

**2.** The Consolidated Amended Complaint's introductory paragraph states that "Plaintiffs, by their attorneys, allege for their consolidated amended complaint, upon information and belief, except paragraph 5, which is alleged upon knowledge...."

**3.** Plaintiffs do not give any examples of such

and losses during the class period.[4] The Consolidated Amended Complaint identifies sixteen now-defunct real estate projects in which The One Bancorp allegedly was involved during the class period.[5]

The complaint alleges that statements concerning net income, shareholders equity and loan loss reserves contained in The One Bancorp's 1987 and 1988 financial reports were false and misleading. Plaintiffs allege that those reports understated the company's losses and its requirements for loan loss reserves, and consequently, Plaintiffs contend, the reports overstated the reported net incomes for those years.[6] Plaintiffs claim that Defendants manipulated loan loss reserves in order to maintain a false image of the company's profitability.

Plaintiffs also allege that during the class period, The One Bancorp's real estate loan portfolio contained an increasing number of nonperforming loans, exacerbating the risk to The One Bancorp in a falling real estate market where the value of the collateral securing the non-performing loans was decreasing.[7] Plaintiffs claim that the failure to state this material, adverse information rendered misleading the other statements contained in the financial statements concerning net income, losses and loan loss reserves. The false or mis-

leading information artificially inflated the market price of the company's common stock and convertible debentures.

The individual plaintiffs purchased shares in The One Bancorp between August 9, 1988 and August 22, 1989. The individual defendants were senior officers and/or directors of The One Bancorp at all times relevant to this action.

Defendant Ernst & Young is a successor in interest to Arthur Young & Company, a national accounting firm which provided accounting and consulting services for The One Bancorp during the class period. Plaintiffs allege that Arthur Young was familiar with The One Bancorp's confidential financial, operating, and business information by virtue of its position as its outside auditor. Arthur Young certified various financial statements of The One Bancorp, including the consolidated financial statements of The One Bancorp for the fiscal years ending December 31, 1987 and 1988. Plaintiffs allege that Arthur Young falsely stated in its audit opinions and reports that its examinations of those annual statements had been conducted in accordance with generally accepted auditing standards (GAAS) and that those financial statements fairly presented The One Bancorp's financial condition and results in con-

---

practices.

4. Plaintiffs seek to prosecute this litigation as a class action. A motion for class certification is currently under advisement. The putative class is described in the Consolidated Amended Complaint as follows:

> all persons who purchased One Bancorp securities during the period from March 14, 1988 through September 29, 1989 inclusive (the "Class Period"), and who sustained damages as a result thereof. Excluded from the Class are the defendants, members of their immediate families, their heirs, successors and assigns and any subsidiary or affiliate of any defendant.

5. The complaint lists the following projects: (i) Autumn Winds (Wells, Maine); (ii) West Harbor Pond (Boothbay, Maine); (iii) Meadowbrook Condominiums (Gorham, Maine); (iv) Diplomat (Old Orchard Beach, Maine); (v) McKeen Woods (Brunswick, Maine); (vi) Twin Knolls (Portland, Maine); (vii) Brandyhill (Naples, Maine); (viii) Campbell's Cove (Boothbay, Maine); (ix) Ocean Ridge (Boothbay, Maine);

(x) Village at Seal Rock Springs (Saco, Maine); (xi) Single Point (Boothbay, Maine); (xii) Mill Cove (Boothbay, Maine); (xiii) a condominium project at a ski resort near Plymouth, New Hampshire; (xiv) a troubled waterfront condominium project in Swampscott, Massachusetts; (xv) a hotel in Atlanta, Georgia; and (xvi) a hotel in Raleigh, North Carolina.

6. The complaint quotes verbatim from the following financial reports of The One Bancorp: 1987 Annual Report; financial reports for the first, second and third quarters of 1988; 1988 Annual Report; financial reports for the first and second quarters of 1989; and Form 10–Q for the first and second quarters of 1989.

7. The complaint does not make clear whether the sixteen identified real estate projects were among these alleged "non-performing loans." In any event, the complaint does not give any indication of the nature or extent of One Bancorp's involvement in the sixteen projects, nor does it explain when the company accounted for or should have accounted for any losses arising out of its involvement in those projects.

formity with generally accepted accounting principles (GAAP). Plaintiffs allege that if Arthur Young's audits of The One Bancorp's financial statements had been done in accordance with GAAS, the audits would have demonstrated that The One Bancorp's loan loss reserves were materially understated and not calculated in accordance with GAAP. The complaint lists six GAAS auditing standards which Plaintiffs contend Arthur Young disregarded in certifying The One Bancorp's 1987 and 1988 financial statements.[8] The complaint also alleges that Arthur Young knew or recklessly disregarded that the 1987 and 1988 financial statements were presented in a manner that violated seven principles of GAAP.[9]

On September 29, 1989 The One Bancorp announced that a reevaluation of its loan portfolio would result in additional charges of about $50 million against operations of the third quarter of 1989. These unfavorable results were followed by increasingly adverse announcements: on October 26, 1989 the company announced a net third quarter loss in excess of $48 million; on February 2, 1990 it announced a net fourth quarter loss in excess of $48 million; and on March 23, 1990 it announced an upward revision of its fourth quarter losses to over $70 million for a total loss for 1989 of almost $145 million. As a result of these dismal fiscal results, the market price of The One Bancorp stock, which had traded during the class period as high as $14.75 per share, declined to about $1.00 per share as of April, 1990, the filing date of the Consolidated Amended Complaint.

Plaintiffs allege that each defendant is liable as a direct participant in, an aider and abettor of, and coconspirator with respect to, the alleged misrepresentations.

## II. *Federal Rule of Civil Procedure 9(b)*

Counts I and III of the Consolidated Amended Complaint allege securities fraud and common law fraud against all Defendants. Defendant Ernst & Young moves to dismiss those counts as to it on the grounds that they fail to allege fraud with particularity.

■ While pleading under the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed.R.Civ.P. 8(a)(2), when fraud is alleged, the circumstances constituting the fraud must be pleaded with particularity. *See* Fed.R.Civ.P. 9(b).[10] The particularity requirement of Rule 9(b) applies to private causes of action based on Section 10(b) and Rule 10b–5 because "fraud lies at the core of the action." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985); *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984).

■ The particularity requirement of Rule 9(b) requires specification of "the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Wayne*, 739 F.2d at 13 (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980)). "This interpretation harmonizes Rule 9 with Rule 8; evidence and detailed facts are not required where allegations of fraud set forth the specific basis for the claim." *Hayduk*, 775 F.2d at 444. While Rule 9(b) does not require Plaintiffs to plead evidence, it is clear that "mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Id.* Finally, allegations based on information and belief do not satisfy Rule 9(b) unless the complaint also sets forth facts on which the belief is founded, "even when the fraud relates to

---

**8.** Plaintiffs do not give any indication of the manner in which they claim those principles were disregarded.

**9.** Plaintiffs do not specify the manner in which they allege the standards were disregarded.

**10.** Federal Rule of Civil Procedure 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

matters peculiarly within the knowledge of the opposing party." *Wayne*, 739 F.2d at 13–14.

The Court of Appeals for the First Circuit has explained that Rule 9(b):

> provides the defendant with notice of the grounds on which plaintiff's fraud claim rests. In addition, in the context of securities litigation, Rule 9
>
>> "operates to diminish the possibility that 'a plaintiff with a largely groundless claim [will be able] to simply take up the time of a number of other people [by extensive discovery], with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence....' "

*Wayne*, 739 F.2d at 13 (citations omitted); *see also Philippe v. Shape, Inc.*, 688 F.Supp. 783, 786 (D.Me.1988). The particularity requirement also serves to "safeguard defendants from frivolous charges which might damage their reputations." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir.1987).

### III. *Discussion*

■ With the exception of paragraph 5 of the Consolidated Amended Complaint, which identifies Plaintiffs, all of Plaintiffs' allegations are made on information and belief.[11] While some of those allegations are specific (for example, portions of The One Bancorp's financial reports are quoted verbatim), most are wholly conclusory and offer no supporting facts on which they are founded. This is particularly so with respect to Plaintiffs' contention that the quoted statements were false and misleading, to what extent The One Bancorp was "enmeshed" in problem loans, why such loans were problematic, and how Ernst & Young departed from the enumerated principles of sound accounting practices. It appears that Plaintiffs sought to escape the particularity requirement and the strictures of Federal Rule of Civil Procedure 11 by making the entire complaint on information and belief. Apparently, Plaintiffs hoped that those parts of the complaint that have some factual detail would mask those allegations which are truly made on information and belief and which merely repeat stock phrases of fraud.

Statements made on information and belief do not meet the particularity requirement of Rule 9(b) unless the complaint also pleads facts on which the belief is founded. Plaintiffs' conclusory allegations that The One Bancorp made material misrepresentations and that Ernst & Young violated various principles of sound accounting practice are unsupported by any well-pleaded facts on which Plaintiffs' belief is founded. The Court concludes that those allegations do not meet the requirements of Rule 9(b).[12]

Aside from the complaint's deficiencies with respect to its allegations made on information and belief, the complaint is defective in other respects as well. The allegation central to Plaintiffs' claim under Rule 10b–5 is that The One Bancorp knowingly or recklessly set inadequate reserves for loan losses.[13] It is true that the Consol-

---

**11.** The Court notes its disapproval of pleading an entire fraud complaint on information and belief. *See also Stern v. Leucadia National Corp.*, 844 F.2d 997, 999 n. 1 (2d Cir.1988).

**12.** Plaintiffs may have found it difficult to be more specific with respect to their allegations because they are not in possession of the relevant facts. However, the rule in this Circuit is clear: "allegations based on 'information and belief' do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded. *The requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party.*" *See Wayne Investment*, 739 F.2d at 14 (emphasis added) (citations omitted). *Cf. New England*

*Data Services, Inc. v. Becher*, 829 F.2d at 291: "Although this circuit court declined to consider as a factor whether the facts are peculiarly within the defendant's control in a securities fraud case, *see Wayne*, 739 F.2d at 14, we include it as one factor in regards to the particular uses of mail or wire fraud in a mail and wire fraud case which otherwise alleges detailed facts that make it seem likely that interstate mail or telecommunications facilities were used."

**13.** Although not defined by Plaintiffs in the consolidated Amended Complaint or in their legal memoranda, a bank's provision for loan loss reserves "apparently is a reflection of the quality of outstanding loans. 'A loan loss reserve is a

idated Amended Complaint specifies the time, place and content of the alleged misrepresentations, *i.e.*, the statements concerning loan loss reserves and net income in The One Bancorp's annual and quarterly reports for 1987 and 1988. Rule 9(b), however, requires that Plaintiffs identify not only the statements that they contend are false or misleading, but also the circumstances demonstrating that fraud has been committed. *Wayne*, 739 F.2d at 14; *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990); *Boyle v. Merrimack Bancorp, Inc.*, 756 F.Supp. 55 (D.Mass.1991); *Haft v. Eastland Financial Corp.*, 755 F.Supp. 1123 (D.R.I.1991). "The inquiry does not end with [the] technical compliance [of specifying the time, place, and content of an alleged misrepresentation]. The circumstances of the misrepresentation must be specified; the specific basis for the claim must be alleged.... A complaint must do more than offer speculation, it must make some step toward showing that 'fraud was actually committed.'" *Haft*, at 1127–28 (quoting *Wayne*, 739 F.2d at 14.)

Plaintiffs have alleged almost no concrete facts in support of its claim that the bank's provision for loan losses was somehow fraudulent. The Plaintiffs come closest to the particularity requirement in paragraph 20 of the Consolidated Amended Complaint, which alleges that "One Bancorp found itself enmeshed in mounting problem loans and losses during the Class Period including its involvement [in sixteen] now defunct real estate projects...." *See supra* note 5. Apart from the fact that Plaintiffs make this allegation on information and belief without alleging facts on which the belief is founded, the complaint fails to allege in what manner the loans were problematic or why Defendants should have written them off sooner (if indeed they were not already accounted for in the stated loan loss reserves). Plaintiffs

must allege more than internal corporate mismanagement to satisfy Rule 9(b). Plaintiffs' complaint simply fails to explain the basis for Plaintiffs' allegation that The One Bancorp's financial reports were fraudulent. "To allow [Plaintiffs] to proceed with discovery on the basis of these purely speculative allegations of fraud would be to issue a license for a 'fishing expedition' in uncharted waters." *Wayne*, 739 F.2d at 14.

As for the complaint's allegations that Arthur Young violated various principles of sound accounting practice, Plaintiffs allege absolutely no facts in support of those assertions. The remaining allegations in the 45–page complaint do no more than state conclusory allegations of conspiracy, aiding and abetting, and boilerplate phrases lifted from Rule 10b–5.[14] It is well settled that those types of allegations do not meet the Rule 9(b) particularity requirement. *Hayduk v. Lanna*, 775 F.2d at 444.

The Consolidated Amended Complaint contains no factual allegations suggesting that the levels of The One Bancorp's loan loss reserves were set fraudulently. Rule 9(b) "does not permit a complainant to file suit first, and subsequently to search for a cause of action." *Hayduk*, 775 F.2d at 443 (quoting *Lopez v. Bulova Watch Co., Inc.*, 582 F.Supp 755, 766 (D.R.I.1984)). Because the complaint fails to satisfy the particularity requirement of Rule 9(b), the Court will dismiss Counts I and III as to Ernst & Young without prejudice. The Court will grant Plaintiffs thirty days to file an amended complaint which cures the defects identified herein.

## IV.

■ Ernst & Young also seeks dismissal of Count IV of the Consolidated Amended Complaint, which asserts a pendent state cause of action for negligent misrepresen-

---

reserve of funds set aside to cover possible losses from future loan defaults.'" *Haft v. Eastland Financial Corp.*, at 1125 n. 2.

**14.** Because the Court holds that Plaintiffs have not adequately pleaded fraudulent misrepresentation, it need not scrutinize Plaintiffs' theories of liability as to Defendant Ernst & Young. The

Court notes, however, that it is difficult to ascertain the factual predicates for each theory—primary, coconspirator or aiding and abetting—on which Plaintiffs rely. If Plaintiffs choose to file an amended complaint, they should make clear the factual predicates for each theory.

tation. Ernst & Young argues that if the federal securities claim against it is dismissed, the Court lacks subject matter jurisdiction over Plaintiffs' pendent state claims. Plaintiffs offer no theory in response to Ernst & Young's argument which would support the exercise of subject matter jurisdiction over this claim, and thus the Court dismisses it without prejudice. *See Twind v. Maxaxam,* 751 F.Supp. 256, 258 (D.Me.1990).

Accordingly, it is ORDERED that Defendant Ernst & Young's Motion to Dismiss be, and it is hereby, GRANTED.