In re the ONE BANCORP SECURITIES LITIGATION.

Steven COOPERMAN, Estate of James A. Calhoun, Allen Mazerolle, Lawrence A. Green and William R. Eklund, Plaintiffs,

v.

The ONE BANCORP, Frank W. Pape, Jr., Vincent E. Furey, Jr., W. Langedon Bell, Jr., Francis E. McFarland and Ernst & Young, Defendants.

Civ. No. 89–0315–P.

United States District Court, D. Maine.

May 17, 1991.

Jack H. Simmons, Lewiston, Me., Alexander E. Bennett, Arnold & Porter, Washington, D.C., Stephen R. Steinberg, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City and Gerald Rodos, Barrack, Rodos & Bacine, Philadelphia, Pa., for plaintiffs.

Kevin G. Libby, Monaghan, Leahy, Hochadel & Libby, Portland, Me. and John Matson, Ernst & Young, New York City, for defendant Arthur Young.

Robert S. Frank, Verrill & Dana, Portland, Me., for all remaining defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This securities fraud action is back before the Court on Plaintiffs' motion for

class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. As discussed below, the Court grants the motion in part.

## I. Background

Plaintiffs bring this action against The One Bancorp (a bank holding company), individual directors and officers of The One Bancorp, and Ernst & Young (the successor in interest to The One Bancorp's accounting firm).[1] Plaintiffs allege that in the period between March 4, 1988 and September 29, 1989 inclusive (the class period), Defendants knowingly or recklessly issued a series of materially false and misleading financial statements with respect to The One Bancorp. Plaintiffs allege that loan loss reserves in those financial statements were knowingly or recklessly set too low, giving investors a distorted view of the company's financial health. Plaintiffs also allege that, in connection with those financial statements, Defendants knowingly or recklessly failed to disclose material adverse information concerning The One Bancorp's financial performance and condition. Plaintiffs claim that Defendants' misrepresentations and nondisclosure deceived Plaintiffs and the investing public regarding The One Bancorp's financial condition, causing Plaintiffs to purchase The One Bancorp stock at inflated prices. Plaintiffs also claim that Arthur Young, the predecessor of Defendant Ernst & Young, falsely stated in its audit opinions and reports that its examinations of The One Bancorp's financial statements had been conducted in accordance with Generally Accepted Auditing Standards and that the financial statements fairly presented The One Bancorp's financial position and results in accordance with Generally Accepted Accounting Principles.

Plaintiffs' four-count Second Consolidated Amended Complaint alleges: (I) violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder; (II) violations of Section 20(a) of the Securities Exchange Act of 1934; (III) common law fraud; and (IV) negligent misrepresentation.

## II. Class Certification

Plaintiffs seek to prosecute this litigation as a class action. The putative class is defined as:

All persons who purchased One Bancorp's publicly traded securities during the period beginning on March 14, 1988 through and including September 29, 1989, and who sustained damages thereby, excluding (1) defendant Ernst & Young, its present and former partners, principals and employees, members of their immediate families, their heirs, personal representatives, successors and assigns; and (2) The One Bancorp and the individual defendants associated therewith, as well as officers and directors of One Bancorp and its subsidiaries and affiliated banks, members of their immediate families, and any employee, representative, affiliate or controlled person of One Bancorp and its subsidiaries and affiliated banks.

The Court may certify the proposed class if it is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Thus Plaintiffs must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

---

1. On February 27, 1990 the Court consolidated the following related cases pursuant to Fed.R. Civ.P. 42(a): Civil Numbers 89–0315–P, 90–0010–P, and 90–0023–P. *See* Stipulation and Pre–Trial Order No. 1. A subsequent, related case, Civil No. 90–0050–P, was also consolidated by operation of the Order.

On March 15, 1991 the Court granted Plaintiffs leave to amend their Consolidated Amended Complaint. *See In re The One Bancorp Secu-*

*rities Litigation*, 135 F.R.D. 9 (D.Me.1991). Plaintiffs filed a second Consolidated Amended Complaint on April 16, 1991; on April 22, 1991 the Court granted Plaintiff's motion for leave to file that complaint as against Defendant The One Bancorp and the individual Defendants. The Court resolves this motion for class certification in light of the Second Amended Complaint.

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

■ Plaintiffs must also satisfy one of the three tests set forth in Rule 23(b). Here, Plaintiffs seek to meet Rule 23(b)(3), which requires a finding "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." [2] The burden of making the requisite showings under Rule 23 rests with the movants. *See Cutler v. Lewiston Daily Sun,* 611 F.Supp. 746, 756 (D.Me.1985).

### A. *Numerosity and Commonality*

■ Defendants [3] do not dispute that the proposed class meets the numerosity requirement. The Second Consolidated Amended Complaint alleges that as of June 30, 1989, The One Bancorp had over 8,100,-000 shares of common stock outstanding and that during the class period The One Bancorp stock was actively traded on the Over–the–Counter securities market. While the Court does not have before it the exact number of persons who purchased shares during the class period, in a securities fraud action such as this the Court may "make 'common sense assumptions' in order to support a finding of numerosity." *Kirby v. Cullinet Software, Inc.,* 116 F.R.D. 303, 306 (D.Mass.1987) (citation omitted). The Court concludes that, based on the number of shares outstanding during the class period, the class is so numerous that joinder of all members is impracticable.

■ Likewise, there is no dispute that there are questions of law and fact common to the class. Plaintiffs allege that during the class period Defendants engaged in a scheme or common course of conduct designed to artificially inflate the price of The One Bancorp stock. In furtherance of the alleged scheme, Defendants issued a series of allegedly false and misleading financial statements. Among the common issues generated are whether Defendants engaged in such a scheme, whether The One Bancorp's financial statements were false and misleading, the presence or absence of scienter, whether the alleged misrepresentations and omissions were material and whether they caused the stock to be traded at artificially inflated prices, and whether the market for trading The One Bancorp stock was impersonal, efficient, and well developed. The Court finds that these common issues satisfy the requirement of Rule 23(a)(2).

### B. *Typicality*

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The Court finds that, with the exception of Plaintiff Green, the claims of the named Plaintiffs are typical of the claims of the class.

■ The Court first addresses the circumstances of Plaintiff Green. The record made on this motion reveals that Green never purchased stock in The One Bancorp but, rather, that the stock purchases attrib-

---

**2.** Federal Rule of Civil Procedure 23(b)(3) provides in full:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

.    .    .    .    .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individuallycontrolling the prosecution or defense of separate actions; (B) the extent and nature of any litigation of the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

**3.** Separate memoranda in opposition to the motion for class certification were filed by Defendant Ernst & Young and by the remaining Defendants. For ease of reference, the Court refers to both camps collectively as "Defendants."

uted to him in the complaint were in fact made by the Jed Prouty Motel, Inc., a corporation of which Green was president. Plaintiffs represented that the corporation would be substituted for Plaintiff Green. *See* Plaintiff's Reply Memorandum in Support of Amended and Supplemental Motion for Class Certification at 11. That has not occurred; in fact, Plaintiffs' recently filed Second Consolidated Amended Complaint lists Green as a Plaintiff. Because Green never purchased One Bancorp stock, his claims are not typical of those of the class.

The claims of the other named Plaintiffs are typical of the claims of the class. The claims of each arise from the same series of events and are based on the same legal theories as the claims of all class members, thus satisfying the typicality element. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir.1986).

Defendants argue that the claims of Plaintiff Mazerolle are atypical of the claims of the class. Defendants deposed Mazerolle and elicited from him testimony that he made successive purchases of One Bancorp stock upon his assessment that the market had incorrectly valued the stock and had missed a growth opportunity. Defendants argue that because Plaintiffs advance a fraud-on-the-market theory of reliance, Mazerolle's claims are atypical of those of the class because he does not satisfy the fraud-on-the-market test.

■ The Court digresses briefly to discuss the element of reliance with respect to Rule 10b–5 claims. Reliance is an element of a Rule 10b–5 cause of action, but Plaintiffs may be entitled to a rebuttable presumption of reliance based on the fraud-on-the-market theory. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 247, 108 S.Ct. 978, 991, 99 L.Ed.2d 194 (1988). That theory was described by the Supreme Court as follows:

"The fraud on the market theory is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business.... Misleading statements will therefore defraud purchasers of stock

even if the purchasers do not directly rely on the misstatements.... The causal connection between the defendants' fraud and the plaintiffs' purchase of stock in such a case is no less significant than in a case of direct reliance on misrepresentations."

*Basic, Inc. v. Levinson*, 485 U.S. at 241–42, 108 S.Ct. at 988–89 (quoting *Peil v. Speiser*, 806 F.2d 1154, 1160–61 (3rd Cir.1986)). To be entitled to the presumption, Plaintiffs must show that the materially misleading statements were disseminated into "an impersonal, well-developed market for securities." *Id.* at 247, 108 S.Ct. at 991. The presumption is rebuttable: Defendants may show that the market price was not affected by their misrepresentations or that Plaintiffs did not trade in reliance on the integrity of the market price. *Id.* at 248–49, 108 S.Ct. at 992.

■ Defendants' contention that Mazerolle's claims are atypical of those of the class fails because the Court may not consider the merits of the case at the class certification stage. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *see also Randle v. Spectran*, 129 F.R.D. 386, 391 (D.Mass.1988) (inappropriate to raise non-reliance at class certification). The Second Consolidated Amended Complaint alleges that Mazerolle and the other named Plaintiffs relied on the integrity of the market and that the markets for trading One Bancorp common stock were open, well developed and efficient. It also alleges that Plaintiffs purchased One Bancorp stock at artificially inflated prices due to Defendants' misrepresentations. For the purposes of this motion, the Court finds that the allegations of the Second Consolidated Amended Complaint support a presumption of reliance and that the claims of Mazerolle are typical of the claims of the class.

Defendants next argue that the claims of the named representatives are atypical of at least part of the class. Essentially, Defendants argue that the named Plaintiffs, who made their purchases of stock toward the end of the class period, may not properly represent earlier purchasers.

The Second Amended Complaint alleges that Defendants made a series of misrepresentations with respect to The One Bancorp's financial condition over a one-and-a-half-year period. It also alleges that during the class period, financial statements issued by The One Bancorp represented that loan loss reserves increased from approximately $8 million to over $52 million. Further, it alleges that despite the steady increases in The One Bancorp's reserves for loan losses, those reserves were still inadequate in light of the deteriorating quality of its loans.

Defendants point out that its progressive increases in levels of loan loss reserves correspond to a steady decline in the market value of The One Bancorp stock.[4] Defendants contend that the 70% price decline during the class period must be attributable, at least in part, to its gradual disclosure of greater loan loss reserves and consequent lower earnings. Thus, Defendants argue that the claims of later purchasers are dissimilar from the claims of earlier purchasers.

At first glance it appears that the claims of a person who purchased shares in The One Bancorp early in the class period, after the issuance of only one allegedly false or misleading financial statement, are factually distinct from and atypical of the claims of a person who purchased later in the class period. Over the course of the class period, the price of The One Bancorp stock declined and the amounts set aside for loan loss reserves increased, and it is likely that the true financial condition of the company, which is the subject matter of the alleged misrepresentations, had changed as well.

■ Despite the initial appeal of Defendants' argument, the apparent factual divergence in the named Plaintiffs' claims does not render their claims atypical of claims of the class. Their claims are typical of the claims of the class because the complaint alleges that Defendants engaged in a scheme or common course of conduct designed to deceive the investing public. *See e.g. Blackie v. Barrack*, 524 F.2d 891,

902 (9th Cir.1975); *Kirby v. Cullinent Software*, 116 F.R.D. 303, 312 (D.Mass. 1987) (" 'where plaintiff claims a continuing course of conduct and points to specific and identified documents which are alleged to contain interrelated and cumulative misrepresentations, class certification is proper' " (quoting *Weiss v. Drew National Corp.*, 71 F.R.D. 429, 430 (S.D.N.Y.1976)). Even if there have been some partial corrective disclosures, each named Plaintiff will have an interest in proving that Defendants engaged in a scheme, throughout the class period, to artificially inflate the price of One Bancorp stock. *See Randle v. Spectran*, 129 F.R.D. at 391.

■ Defendants also argue that the proposed class is too broad because it includes sophisticated institutional investors as well as individual retail investors. Put another way, Defendants argue that the claims of the named representatives are atypical of the claims of institutional investors. Defendants contend that sophisticated investors may not pursue a fraud-on-the-market theory because they claim that such investors typically maintain substantial in-house research departments and carefully examine issuers' credentials before investing in their securities.

As discussed *infra*, Plaintiffs have made sufficient allegations to entitle them to a presumption of reliance, and it is improper for the Court to inquire into the merits of Plaintiffs' claims at the class certification stage. Institutional investors are entitled to rely on the integrity of the market price to the same extent as any other investor. The Court concludes that the claims of the named representatives are not atypical of the claims of institutional investors.

■ Finally, Defendants argue that the named Plaintiffs may present claims only on behalf of purchasers of common stock, since each of the named Plaintiffs purchased only common stock in The One Bancorp. The Court agrees. Plaintiffs have failed to establish that the claims of the named Plaintiffs are typical of claims of

---

**4.** Defendants assert that on the first day of the class period, The One Bancorp stock closed on NASDAQ at 14⅜; on the last day of the period, it closed at 4¼.

persons who traded in One Bancorp securities other than common stock. The named Plaintiffs may represent only class members who purchased common stock, and the Court's certification order will adjust the definition of the class accordingly.

### C. Adequacy of Class Representatives

Plaintiffs must demonstrate that the class representatives will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This element requires Plaintiffs to make two showings: "first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

There is no dispute that Plaintiffs' attorneys are qualified, experienced, and capable of carrying out this litigation, and the Court finds the first part of the test satisfied. The remaining question is whether the named Plaintiffs have interests which conflict with those of the absent class members.

■ Defendants contend that Plaintiff Mazerolle has interests which conflict with the interests of some members of the class. Defendants argue that Mazerolle both bought and sold his One Bancorp stock at an allegedly artificially inflated price and that his sale proceeds were garnered at the expense of later-arriving class members.

The identical argument was considered and rejected by the Court in *Blackie v. Barrack*, 524 F.2d at 908–09, and the Court finds the rationale of that opinion persuasive. Any potential conflicts which may later arise with respect to the measure of damages may be remedied by the creation of subclasses. In any event, such potential conflicts are substantially outweighed by the class members' common interests. *Id.* at 909. Each of the named Plaintiffs has an interest in proving that Defendants engaged in a scheme to artificially inflate the market price of One Bancorp stock, and

they have an interest in maximizing the overall price inflation caused by Defendants' alleged misrepresentations. The Court concludes that Mazerolle does not have conflicting interests which preclude class certification.

### D. Rule 23(b)(3): Predominance of Common Issues over Individual Issues

The Court finds that the questions of law and fact common to the class, identified above, predominate over any issues particular to individual members, at least with respect to Plaintiffs' federal securities law claims.

■ Defendants argue that individual issues of reliance preclude a finding that the common questions of law and fact predominate over any issues particular to individual class members. As discussed above, however, Plaintiffs have adequately pleaded reliance on the integrity of the market, and thus they are entitled to a rebuttable presumption of reliance. *Basic, Inc. v. Levinson*, 485 U.S. at 245–46, 108 S.Ct. at 990–91. Thus individual questions of reliance, which otherwise would overwhelm the issues common to the class, are not an obstacle to class certification with respect to Plaintiffs' Rule 10b–5 claims. *Id.* at 247, 108 S.Ct. at 991.

■ Defendants admit that Plaintiffs may be entitled to a rebuttable presumption of reliance based on the fraud-on-the-market theory, but they argue that Plaintiffs have not alleged or proved that One Bancorp securities were traded on an impersonal, well-developed, efficient market. This issue may be amenable to discussion pursuant to a Rule 56 motion for summary judgment, but Plaintiffs need not prove the merits of their case at this stage of the litigation. *See Eisen*, 417 U.S. at 178, 94 S.Ct. at 2152. The Court finds that the Second Consolidated Amended Complaint makes sufficient allegations to state a fraud-on-the-market claim.

■ Plaintiffs, however, have failed to persuade the Court that their state law claims are appropriate for class action

treatment. Assuming, as Plaintiffs argue,[5] that Maine law applies to each class member's state law claims, Plaintiffs have not demonstrated that common issues predominate over questions of individual reliance by each of the class members. As the Supreme Court stated in *Basic, Inc. v. Levinson*, 485 U.S. at 242, 108 S.Ct. at 989:

> Requiring proof of individualized reliance from each member of the proposed plaintiff class effectively would have prevented respondents from proceeding with a class action, since individual issues then would have overwhelmed the common ones.

Plaintiffs, therefore, have not met their burden to show that these fact issues, particular to each class member, overwhelm the issues common to the class. Whereas that problem is resolved in the federal securities law context by resort to the fraud-on-the-market presumption of reliance, it does not appear that a similar presumption is available with respect to Plaintiffs' state law fraud and negligent misrepresentation claims. The Court, therefore, finds it inappropriate at this time to certify a class with respect to those claims.

### E. *Rule 23(b)(3): Propriety of Class Action Treatment*

The Court finds that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). This Court concurs with the numerous cases that have discussed the desirability and utility of the class action device in the context of federal securities law litigation. *See e.g. In re United Energy Corp. Securities Litigation*, 122 F.R.D. 251, 253 (C.D.Cal.1988); *Priest v. Zayre Corp.*, 118 F.R.D. 552, 553–54 (D.Mass.1988).

Defendants argue that damages issues render this action unmanageable as a class action and thus unsuitable for class action treatment. The utility of the class action device in Rule 10b–5 actions would be severely impaired were the Court to hold that damages issues preclude class action treatment here. The Court retains the discretion, acting on an appropriate motion or *sua sponte*, to redefine the proposed class, to carve out subclasses if developments warrant, or to try damages issues separately. *See* Fed.R.Civ.P. 23(c)(4). Damages issues do not preclude certification of the plaintiff class.

Defendants also argue that traders who both bought and sold during the class period, so-called in-and-out traders, suffered no cognizable injury for which the securities laws will provide a recovery. They claim that in-and-out traders who both bought and sold at fraudulently inflated prices have not suffered a loss. The Court concludes, however, that in-and-out traders state a cause of action under the federal securities laws. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1437 (9th Cir.1987).

Similarly, Defendants contend that the definition of the class is too broad because some of the in-and-out traders may have bought and sold One Bancorp stock during the class period at a profit. Defendants argue that these persons suffered no loss and thus they cannot bring a claim under the federal securities laws. The short response to that contention is that the definition of the class already excludes any such person: the class is defined as persons who purchased One Bancorp stock during the class period and who sustained damages thereby. Obviously, a trader in One Bancorp stock who recouped his entire investment or sold the stock at a profit is not entitled to a recovery.

In summary, the Court concludes that Plaintiffs have met their burden to show that a class should be certified with respect to their federal securities law claims, but not their state law claims. However, subsequent proceedings may demonstrate that the class needs to be narrowed or redefined. The Court retains the discretion, acting on an appropriate motion or *sua sponte*, to amend the certification order

---

5. Defendants argue that choice of law questions will depend on the residence of each class member; they argue that these issues preclude a finding of predominance with respect to Plaintiffs' state law claims. The Court does not decide the choice of law issue at this time.

before the decision on the merits as subsequent developments may warrant. *See* Fed.R.Civ.P. 23(c)(1); *Basic Inc. v. Levinson,* 485 U.S. at 250, 108 S.Ct. at 993.

### V. *Order*

1. Plaintiffs' Motion for Class Certification is hereby *GRANTED* in part. The Court certifies the following plaintiff class with respect to Plaintiffs' federal securities law claims:

> All persons who purchased The One Bancorp's common stock during the period beginning on March 14, 1988 through and including September 29, 1989, and who sustained damages thereby, excluding (1) Defendant Ernst & Young, its present and former partners, principals and employees, members of their immediate families, their heirs, personal representatives, successors and assigns; and (2) The One Bancorp and the individual Defendants associated therewith, as well as officers and directors of One Bancorp and its subsidiaries and affiliated banks, members of their immediate families, and any employee, representative, affiliate or controlled person of The One Bancorp and its subsidiaries and affiliated banks.

> Plaintiffs Cooperman, Calhoun, Mazerolle and Eklund are certified as named representatives of the class.

2. The Court *DIRECTS* Plaintiffs to submit to the Court a proposed notice to class members, in accordance with Federal Rule of Civil Procedure 23(c)(2), within twenty (20) days of the date of this order.

So ORDERED.