**GLENWOOD FARMS, INC.,
et al., Plaintiffs,**

v.

**Garve IVEY, et al., Defendants.**

**No. 03–217–P–S.**

United States District Court,
D. Maine.

Feb. 1, 2005.

48

Robert M. Morris, Irwin, Tardy and Morris, P.A., Theodore H. Irwin, Irwin, Tardy and Morris, P.A., Portland, ME, William D. Robitzek, Berman & Simmons, P.A., Lewiston, ME, for Plaintiffs.

Harrison L. Richardson, Richardson, Whitman, Large & Badger, Elizabeth G. Stouder, Richardson, Whitman, Large & Badger, Peter J. Detroy, III, Norman, Hanson & Detroy, Russell Pierce, Norman, Hanson & Detroy, Portland, ME, for Defendants.

### MEMORANDUM DECISION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT

DAVID M. COHEN, United States Magistrate Judge.

On the deadline set by the scheduling order in this case for amendment of the pleadings, the plaintiffs filed a motion to amend the complaint by (i) adding a new individual defendant, (ii) adding claims alleging fraudulent transfer against defendant Thomas M. Sobol, (iii) "clarifying" their claim for punitive damages, (iv) adding claims of unjust enrichment against all defendants, (v) "clarifying" the term "common interest materials," and (vi) making "minor clarifications" to certain paragraphs and counts. Motion of Glenwood Farms, Inc. and Carrabassett Spring Water Company, Inc. to Amend Complaint,

etc. ("Motion") (Docket No. 105) at 1–3. All of the current named defendants oppose most of the motion, with defendants Garve Ivey and Ivey & Ragsdale joining in the opposition filed by defendants Thomas M. Sobol and Hagens Berman, LLP. Objection of Defendants Garve Ivey and Ivey & Ragsdale to Plaintiffs' Motion to Amend Complaint, etc. ("Ivey Opposition") (Docket No. 108) at 1; Defendants' Objection and Memorandum in Opposition to Plaintiffs' Motion to Amend Complaint ("Sobol Opposition") (Docket No. 109). There is no objection to the "clarification" of the term "common interest materials," Sobol Opposition at 2, and the motion is therefore granted as to that request. Similarly, there is no objection to the "minor clarifications" identified by the plaintiffs as being made to paragraphs 11, 19 and 39–41 of the complaint, as well as Counts 8, 12, 16, 24, 28 and 32. Motion at 3; Sobol Opposition at 2.[1] The motion is accordingly granted as to those proposed changes as well.

■ The defendants challenge the remaining proposed amendments "primarily on the grounds of 'futility,'" but also mention "in some varying degrees" dilatory tactics, bad faith and undue burden and delay. Sobol Opposition at 3. Leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A court acts within its discretion to deny such leave under the following circumstances: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). When leave to amend is sought before discovery is complete and neither side has moved for summary judgment, as is the case here, futility is "gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Department for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir.2001). "In this situa-

tion, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Id.*

■ The defendants first contend that this court lacks personal jurisdiction over Steven Berman, the proposed new individual defendant, and that the proposed amended complaint fails to state a claim against Berman in his individual capacity upon which relief may be granted. Sobol Opposition at 4–6. This court has already rejected, after holding an evidentiary hearing, the argument of the current defendants that it lacks personal jurisdiction over them, finding that those defendants "sought out and represented Maine clients," "undertook substantial investigation in Maine and hired experts in Maine." Findings of Fact and Conclusions of Law (Docket No. 77) at 15. These actions, the court held, "encompass the minimum contacts necessary to satisfy due process" for purposes of specific personal jurisdiction. *Id.* The defendants attempt to avoid application of this conclusion to Berman by asserting that "it is not clear . . . whether the same 'joint venture' agency concept [which the court used in its analysis of specific personal jurisdiction with respect to the other named defendants] would apply to all other employees, agents, or attorneys at Hagens Berman, LLP," Sobol Opposition at 4, of which Berman is one. However, in the absence of any indication from Berman or the defendants of a factual basis for distinguishing Berman from defendant Thomas Sobol, who is also an attorney at defendant Hagens Berman and over whom the court has concluded that it may exercise specific personal jurisdiction, I see no basis in the proposed amended complaint for making such a distinction. The same allegations are made against Sobol and Berman in the proposed amended complaint. *E.g.*, Proposed Amended Complaint ¶¶ 51, 53–55, 73–75, 120, 197–98, 200–01. When Berman is not individually mentioned, it is clear that he is one

---

**1.** Unlike the defendants, Sobol Opposition at 2, I find a change in the paragraph numbered 11 in the initial complaint and appearing as paragraph 12 in the proposed amended complaint: the words "an agreement" have become "agree-

ments." *Compare* Complaint and Demand for Jury Trial (Docket No. 1) ¶ 11 *with* 1st [sic] Amended Complaint and Demand for Jury Trial ("Proposed Amended Complaint") (filed with Docket No. 105) ¶ 12.

of the "defendants" against whom factual allegations are made. *E.g., id.* ¶¶ 54, 59, 66, 69–70, 73–75, 79, 83, 122–23, 128, 135, 138, 142–43, 148–49, 152–53. While it is true that few, if any, specific factual allegations are made in the proposed amended complaint concerning Berman alone, it is not correct to say, as the defendants contend, that the plaintiffs therefore "fail to allege jurisdictional facts for a prima facie showing of personal jurisdiction over Berman." Sobol Opposition at 5. The defendants contend, without submitting the transcript, that "one could scour the transcript on the personal jurisdiction hearing" and find that Berman "is hardly, if ever, even mentioned in testimony," *id.* at 4, but that is not surprising since Berman was not named as a defendant at the time of the hearing. On the record presented to the court at this time, and given the liberal standard to be applied at the pleading stage of a proceeding, I see no basis to distinguish Berman from the other individual defendants with respect to this court's exercise of specific personal jurisdiction. If, as the defendants assert, Berman was "not involved in this case or in any of the 'contacts' with the State of Maine that this Court relied on to premise the exercise of personal jurisdiction over Sobol and Hagens Berman," *id.* at 5, Berman may present evidence of those facts to the court, and further consideration of the issue of personal jurisdiction may then be in order.

The defendants contend that the proposed amended complaint fails to state a claim against Berman on which relief may be granted, apparently because they read the proposed amended complaint to allege only that Berman signed a joint representation agreement on behalf of Hagens Berman in 2002.[2] *Id.* at 5. As I have already indicated, the proposed amended complaint alleges much more than that against Berman. The proposed amended complaint may fairly be read to allege that Berman advised one or more of the plaintiffs in an attorney-client capacity and participated in the representation of one or more of the defendants. The defendants' mere assertions that he did not,

*id.*, unaccompanied by anything of evidentiary value, are insufficient to justify dismissal of otherwise adequately pleaded claims.

■ The defendants next challenge the proposed addition of Counts 33 and 34, *id.* at 6–9, which allege that Sobol fraudulently transferred property located in Massachusetts with the intent to hinder, delay or defraud the plaintiffs, Proposed Amended Complaint ¶¶ 188–95. The counts allege a violation of Maine law. *Id.* ¶¶ 191, 195. The defendants contend that these claims are not adequately pleaded because Maine law does not reach property located in Massachusetts and, in the alternative, because they do not plead all of the elements of such a claim under applicable Maine law. Sobol Opposition at 7–8. In addition, they argue that the counts are not alleged with the required degree of specificity. *Id.* at 8.

The plaintiffs do not respond to the argument concerning the applicability of the Maine statute at issue to property located outside the state. Reply of Glenwood Farms, Inc. and Carrabassett Spring Water Company, Inc. to Defendants' Objection, etc. ("Reply") (Docket No. 117) at [4]-[5]. The defendants cite no authority in support of it. The statute invoked by Counts 33 and 34, Proposed Amended Complaint ¶¶ 191, 195, is Maine's version of the Uniform Fraudulent Conveyance Act, 14 M.R.S.A. §§ 3571–82. It is not necessary to decide whether this court could avoid the allegedly fraudulent transfer of real property located in another state under this statute, or otherwise take action that might affect the title to that property, because the Act provides for equitable relief and for "[d]amages in an amount not to exceed double the value of the property transferred," 14 M.R.S.A. § 3578(1)(C), a remedy that may be awarded without any effect on the title of the property transferred and without impinging on the sovereignty of another state, and one which is expressly demanded in the proposed amended complaint. Proposed Amended Complaint at 39,

---

**2.** It would be helpful to the court if the defendants would identify the paragraph or paragraphs in the proposed amended complaint

where the specific factual allegations that they discuss appear.

40. Counts 33 and 34 are not futile for this reason.

The defendants' next contention, that the proposed amended complaint fails because it does not assert that Sobol was insolvent at the time of the transfer, Sobol Opposition at 7, also fails. One basis for recovery under the Act by a present creditor is proof that the transfer was made without receiving reasonably equivalent value in exchange and the debtor was insolvent at the time. 14 M.R.S.A. § 3576(1). Another, completely separate basis for recovery by a present creditor is proof that the debtor made the transfer at issue "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor." 14 M.R.S.A. § 3575(1)(A). That is precisely what the plaintiffs allege in this case. Proposed Amended Complaint ¶¶ 190, 194. Counts 33 and 34 adequately plead a violation of this section of the Act.

■ The defendants next suggest that Counts 33 and 34 are futile because they fail adequately to plead "that the 'assets' in issue meet the definition of an 'asset' under the Maine statute." Sobol Opposition at 8. Apparently, they contend that the complaint must allege that the real property identified in Counts 33 and 34 is property that the plaintiffs "would [have] been entitled to reach under applicable exemption laws" with respect to bankruptcy. *Id.* They cite no authority for this novel view of pleading requirements. Presumably it is the party seeking to protect its assets that bears the burden of pleading and proving that those assets are statutorily beyond the reach of the creditor involved. Requiring the part seeking to recover to plead—and thus to prove—that the assets it seeks are not exempt would impose a burden on creditors beyond that contemplated by the Act.

■ Finally, the defendants assert that Counts 33 and 34 fail to comply with Fed. R.Civ.P. 9(b), which requires fraud to be pleaded with particularity. *Id.* They contend, in conclusory fashion, that the allegation that the transfers were intended to hinder, delay or defraud the plaintiffs, Proposed Amended Complaint ¶¶ 190, 194, are too general to meet the requirements of Rule 9(b). However, Rule 9(b) provides by its terms

that intent may be averred generally. Specification of the circumstances of evidence from which fraudulent intent may be inferred is not required. *In re One Bancorp Sec. Litig.,* 135 F.R.D. 9, 12 (D.Me.1991). Counts 33 and 34 allege intent sufficiently.

■ The defendants' only argument with respect to their contention that the proposed addition of Counts 33 and 34 is intended only to delay and complicate the proceedings is that "[a]ll of these pleading deficiencies patently raise the additional suspicion" that something of the sort is going on. Sobol Opposition at 8–9. Since the defendants have not satisfied me that any of the pleading deficiencies they identify are in fact deficiencies sufficient to render these proposed counts futile, I can only conclude that the defendants have offered no support for their assertion that leave to amend should be denied on the basis of delay, burden, or bad faith.

■ In a single paragraph of argument, the defendants attack the proposed amendments to the plaintiffs' claim for punitive damages. *Id.* at 9–10. The basis for this challenge is not entirely clear. The only changes in the proposed amended complaint to the claims for punitive damages are the addition of Berman as a defendant in Counts 1 and 17, and the addition of the following words to both counts:

> In particular, Defendants knew that their actions as described in [certain preceding paragraphs] would cause irreparable damage to Plaintiffs' then ongoing efforts to negotiate a favorable settlement of their claims with Nestle, and with that knowledge Defendants made threats against Nestle, disclosed common interest/confidential work product materials to the public, and filed multiple lawsuits against Nestle, all with the intention to harm Plaintiffs.

Proposed Amended Complaint ¶¶ 51, 120. Contrary to the defendants' assertion, Sobol Opposition at 9, these changes cannot reasonably be read as an attempt to raise a claim of tortious interference with a contract. It is basic hornbook law that punitive damages may only be recovered in connection with an

underlying tort; the fact that the plaintiffs have chosen to seek punitive damages by asserting their claim as a separate count does not change this fact. All that the additional language in paragraphs 51 and 120 does is to describe the way in which the defendants purportedly undertook the tortious activity alleged elsewhere in the proposed amended complaint so that the plaintiffs may assert a colorable claim to punitive damages in the event that they recover on any of their tort claims. The defendants take nothing by their asserted objection to the proposed changes in Counts 1 and 17.

 The defendants' final challenge is to the claims of unjust enrichment set forth in Counts 35–38 of the proposed amended complaint. Sobol Opposition at 10–12. They essentially contend that these counts fail to state a claim on which relief may be granted. In order to establish a claim for unjust enrichment under Maine law, a plaintiff must prove that (i) it conferred a benefit on the defendant; (ii) the defendant had appreciation or knowledge of the benefit; and (iii) the defendant's acceptance or retention of the benefit was under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. *June Roberts Agency, Inc. v. Venture Props., Inc.*, 676 A.2d 46, 49 (Me.1996). The proposed Counts 35–38 identify the benefit as "fees obtained by Defendants via their improper and unauthorized lawsuits against Nestle," which fees they were able to obtain "[a]s a result of their improper and unauthorized use of common interest/confidential/work product materials." Proposed Amended Complaint ¶¶ 197–98, 200–01, 203–04, 206–07. I agree with the defendants that these allegations present too strained an interpretation of the elements of the tort of unjust enrichment. If the attorney fees at issue are the benefit, that benefit simply was not conferred on the defendants by the plaintiffs, but rather by third parties. If the defendants' ability to collect such fees arose out of their wrongful use of property belonging to the plaintiffs, other legal theories are available on which to base a cause of action. Proposed Counts 35–38 are futile and leave to add them to the complaint is denied.

The Ivey defendants ask the court to order the plaintiffs to "amend and supplement their responses to any and all interrogatories and Requests for Production of Documents which contain the phrase 'common interest materials' to include the new definition that plaintiffs have now proposed." Ivey Opposition at 1–2. Parties have a continuing obligation to supplement their responses to discovery requests as new information becomes available and circumstances change. There is no need for the court to order a party to meet this obligation. The rules of civil procedure and applicable case law provide adequate remedies for the failure of a party to do so.

### Conclusion

For the foregoing reasons, the plaintiffs' motion for leave to amend the complaint is **DENIED** as to proposed Counts 35–38, which assert claims for unjust enrichment, and otherwise **GRANTED**. Counsel for the plaintiffs shall have until February 8, 2005 within which to file a First Amended Complaint drafted in accordance with this decision.

