**Robert G. HAYDUK, et al., Plaintiffs, Appellants,**

**v.**

**Vincent T. LANNA, et al., Defendants, Appellees.**

**No. 85–1191.**

United States Court of Appeals, First Circuit.

Argued Sept. 6, 1985.

Decided Oct. 23, 1985.

John B. Hopkins, Barnstable, Mass., for plaintiffs, appellants.

Charles S. McLaughlin Jr., Hyannis, Mass., with whom Mycock, Kilroy, Green & McLaughlin P.C., Hyannis, Mass., were on brief for defendants, appellees Mid-Cape Racquet Club, Inc. and Eugene Majewski.

Daniel J. Fern, Hyannis, Mass., for defendant, appellee The Finance Co. of America.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and CEREZO,[*] District Judge.

BOWNES, Circuit Judge.

This is an appeal by plaintiffs-appellants Robert G. Hayduk, et al. from the district judge's grant of judgment, pursuant to Federal Rule of Civil Procedure 54(b), for defendants-appellees Finance Company of America (FCA), Mid-Cape Racquet Club, Inc. (Racquet), and Eugene W. Majewski.

The court found that the only claims against appellees, fraud and conspiracy to commit fraud, failed to meet the particularity requirements of Federal Rule of Civil Procedure 9(b).

The original action was commenced in the Superior Court for Barnstable County, Massachusetts, in June 1978 by Robert G. Hayduk, Willie H. Hayduk, and Mid-Cape Tennis, Inc. (Tennis). The action was a result of the demise of Tennis and the Hayduks' business holdings therein allegedly caused by the mismanagement and fraudulent behavior of defendants Vincent T. and Josephine Lanna, Frank Bellino, Jr., Eve Lenel, Indoor Tennis Consultants, Inc. (ITCI), and FCA. The case was removed to the federal district court pursuant to 28 U.S.C. §§ 1441(a) and 1332. Plaintiffs filed an amended complaint of right which added Racquet and Eugene W. Majewski as defendants. On November 17, 1980, the district court dismissed the amended complaint granting leave to the plaintiffs to file a second amended complaint.

In a hearing on all defendants' motions for dismissal of the second amended complaint and/or for summary judgment, the district court dismissed with prejudice Counts One, Two, Four, and Five of the amended complaint for failure to meet the particularity requirements of Federal Rule of Civil Procedure 9(b) when pleading fraud. This court dismissed plaintiffs' appeal of that ruling because it was not a final judgment. *Hayduk v. Lanna*, Misc. No. 81–8063 (1st Cir. Oct. 21, 1981).

Subsequently, defendants FCA, Racquet, and Majewski moved for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) on the grounds that the remaining counts did not state a claim against them. On February 14, 1985, the district court granted the motions and dismissed the case as to these defendants. This appeal ensued.

The issues on appeal are whether the district court erroneously ruled that the dismissed counts of plaintiffs' complaint

[*] Of the District of Puerto Rico, sitting by designation.

did not meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and, even if it did not, whether it was an abuse of the district court's discretion to refuse to allow plaintiffs to amend their complaint a third time.

Although state law governs the burden of proving fraud at trial, the procedure for pleading fraud in federal courts in all diversity suits is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b). *Simcox v. San Juan Shipyard, Inc.*, 754 F.2d 430, 439 n. 9 (1st Cir.1985); 5 C. Wright and A. Miller, *Federal Practice and Procedure*, §§ 1204, 1296 (1969). Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Thus, while a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule. One of the main purposes of the rule is to apprise the defendant of fraudulent claims and of the acts that form the basis for the claim. *Simcox*, 754 F.2d at 439; *McGinty v. Beranger Volkswagon, Inc.*, 633 F.2d 226, 228–29 (1st Cir.1980); *Felton v. Walston and Co.*, 508 F.2d 577, 582 (2d Cir.1974). In other words, "[i]n cases in which *fraud lies at the core of the action*, the rule does not permit a complainant to file suit first, and subsequently to search for a cause of action." *Lopez v. Bulova Watch Co., Inc.*, 582 F.Supp. 755, 766 (D.R.I.1984) (citing *Deyhle v. Barclay Investments, Inc.*, No.

82–0662, slip op. at 4 (D.R.I. Oct. 13, 1983)) (emphasis added).

Appellants first argue that the dismissals were erroneous because the dismissed counts contained claims of conspiracy which are governed by the more liberal pleading requirements of Federal Rule of Civil Procedure 8 rather than Rule 9(b). In large part, appellants base this argument on the district court's reference to allegations of fraud *and* conspiracy and their assertion that, absent allegations of fraud, they have still stated a cause of action in the dismissed counts based on conspiracy.

In the pleadings themselves, the conspiracy alleged is directly linked to the fraud allegations: "[defendants] conspired and developed a scheme ... for the purpose of cheating plaintiff ...," Count One ¶ 23; "[e]ach of the defendants, by participation in said civil conspiracy to defraud plaintiffs ...," Count Two ¶ 33. As already stated, where fraud lies at the core of the action, Rule 9(b) applies. *Lopez v. Bulova Watch Co., Inc., supra.* Moreover, in actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met. *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972); *Robison v. Caster*, 356 F.2d 924, 925 (7th Cir.1966); *Klein v. Council of Chemical Associations*, 587 F.Supp. 213, 227 (E.D.Pa.1984); *Greater Valley Terminal Corp. v. Peltz St. Terminals*, 21 F.R.D. 167, 168 n. 2 (E.D.Pa.1957). *But cf. Ferguson v. Omnimedia, Inc.*, 469 F.2d 194, 197 n. 1 (1st Cir.1972) ("relaxed standards of federal pleading" applied to conspiracy to defraud in violation of securities law).[1] We find that the district court did not err in requiring that Counts One, Two, Four, and Five in

---

1. *Ferguson,* however, never expressly considered the question of which pleading rule to apply to a conspiracy to defraud: Rule 9(b) was not mentioned at all possibly because the weakness in the pleading was not as to "the circumstances constituting fraud" but was whether a certain party had been sufficiently tied into an otherwise well-established scheme to defraud. In any case, since the specific question whether Rule 9(b) was applicable was not raised or addressed in *Ferguson,* that case is not circuit

precedent relevant to and binding on this issue. We note that even as to conspiracies of a type not encompassed by Rule 9(b), this circuit has required that the complaint "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy," *Kadar v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977), quoting *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir.1964).

their entirety meet the particularity requirements of Rule 9(b).

Secondly, appellants argue that, even if the particularity requirement applies to the dismissed counts, the pleadings were sufficient to satisfy that requirement. Rule 9(b) requires "specification of the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty*, 633 F.2d at 228; *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13–14 (1st Cir.1984). This interpretation harmonizes Rule 9 with Rule 8; evidence and detailed facts are not required where allegations of fraud set forth the specific basis for the claim. Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint. *Wayne*, 739 F.2d at 13; *Segal*, 467 F.2d at 608 (2d Cir.1972). And this holds true "even when the fraud relates to matters peculiarly within the knowledge of the opposing party," *Wayne*, 739 F.2d at 14. *See also Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).[2]

In any event, mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated. *Segal*, 467 F.2d at 607–08; *Robison*, 356 F.2d at 925; *Elster v. Alexander*, 75 F.R.D. 458, 461–62 (N.D.Ga.1977); *Chicago Title and Trust Co. v. Fox Theatres Corporation*, 182 F.Supp. 18, 31 (S.D.N.Y. 1960); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1298 at 415 (1969). Looking at those allegations in the second amended complaint which are di-

rected at appellees, we find that there are no specific supporting facts that would satisfy the Rule 9(b) pleadings requirements and thus give notice to appellees of the fraudulent claims against them, a main purpose of the rule. *Simcox*, 754 F.2d at 439; *Wayne*, 739 F.2d at 13; *McGinty*, 633 F.2d at 228–29; *Felton*, 508 F.2d at 582.

Count One ¶ 23 states: "At places and dates unknown to plaintiff ... Eugene W. Majewski and others conspired and developed a scheme ... for the purpose of cheating [plaintiffs out of their corporate and partnership interests]." Without supporting facts regarding the circumstances surrounding the formation of the conspiracy to defraud plaintiffs or plaintiffs' basis for believing that a conspiracy existed for the purpose of defrauding them, the allegation becomes a conclusional accusation of the sort that is proscribed by Rule 9(b). Paragraph 29 of Count One alleges in part: "Based upon information and belief, the purchase was made in the name of the defendant, Mid-Cape Racquet Club, Incorporated, a Massachusetts corporation represented to be owned and controlled solely by the defendant, Eugene W. Majewski, but in fact owned and controlled by defendants, Vincent T. Lanna and Frank Bellino, Jr., as undisclosed parties with the defendant, Eugene W. Majewski." Here, there is a complete lack of any facts on which this belief is founded.

Count Two ¶ 33 begins: "Each of the defendants, by participation in said civil conspiracy to defraud plaintiffs, acted in such a way as to enhance their financial gain...." It then supports the allegation by stating that plaintiffs will suffer loss and that two defendants, ITCI and Eve Lenel, will realize financial gain from their dealings with other defendants. This apprises none of the defendants of the individual charges against them nor do the

---

**2.** Appellant construes *Schlick* to mean that since it states Rule 9 must be construed with Rule 8, the liberal pleading requirement of Rule 8 should govern whether the pleadings are adequate or not. This is not an accurate reading of the case. In *Schlick*, the allegations based on information and belief were "accompanied by a statement of the facts on which the belief was founded." *Schlick*, 507 F.2d at 379.

supporting facts of loss and financial gain, by themselves, have any relation to the allegation of conspiracy to defraud.

In Count Five, the allegations against FCA include ¶ 50 which states that FCA "fraudulently granted, made and recorded ... two mortgages affecting the said jointly owned partnership real property." Besides being ambiguous as to what act constituted the fraud, the required circumstances of the act are missing. In ¶ 53, plaintiffs alleged that through FCA's inspection of the tennis facilities, conversations with plaintiff Robert G. Hayduk, and a review of title records, defendant FCA knew or should have known that the mortgaged real property was jointly held in partnership. What exactly it is that FCA is accused of is unclear; we know that it was to the injury of plaintiffs, but what act the plaintiffs consider to be wrongful is not stated.

■ Finally, appellants argue that the district court should not have dismissed the counts, but should have granted appellees' motion for a more definite statement or dismissed the counts with leave to amend. Although federal courts must be liberal in allowing parties to amend their complaints, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), we find that dismissal of the counts after plaintiffs had two opportunities to amend their complaint was well within the discretion of the district court especially since the plaintiffs were notified before amending a second time that the allegations of fraud in their first amended complaint failed to meet the particularity requirements of Rule 9(b). *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985); *Kellman v. ICS, Inc.*, 447 F.2d 1305, 1310 (6th Cir.1971); *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir.1970); *Carbone, Inc. v. Proctor Ellison Co.*, 102 F.R.D. 951, 953 (D.Mass.1984); *Dyer v. Eastern Trust and Banking Co.*, 336 F.Supp. 890, 902 (D.Me.1971).

*Affirmed.*