Solimine v. United Airlines          CV-97-148-M    03/03/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward Solimine

    v.                                              Civil No. 97-148-M

United Airlines, Inc.


**O R D E R**


Defendant, United Airlines, filed a motion to dismiss plaintiff's claims on grounds that each is insufficient as a matter of law.  Plaintiff filed an objection in which he also indicated that he would amend his complaint to include additional factual allegations in support of his claims.  Although plaintiff's subsequent motion to amend was granted almost five months ago, he has not filed an amended complaint.  For the reasons that follow, United's motion to dismiss is granted.


**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, the court accepts all well-pleaded facts as true and resolves all reasonable inferences in favor of the nonmoving party.  Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).  "[I]f, under any theory, the

allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

## Background

Plaintiff alleges that he is a qualified pilot with three years of experience flying for commercial airlines and over twenty years experience as an air transport pilot. He applied to United for a pilot position, and was granted an interview in December 1992. After the interview, he passed a flight skills test on a flight simulator and passed a pre-employment physical in February 1993. Plaintiff received a letter on March 31, 1993, that he alleges offered him a position as a pilot with United. Plaintiff wrote back accepting United's offer.[1] Another letter from United congratulated plaintiff on his selection as a United pilot. Between March 31 and August 1994, United repeatedly told plaintiff that his actual employment was delayed due to a limited number of spaces available in United's flight training program. In September 1994, United notified plaintiff that he would not be hired as a pilot after all.

---

[1] Apparently the letters that are discussed in the complaint were attached as exhibits to the complaint, perhaps when it was served on United in the state court action, prior to removal to this court. The letters are not attached to the complaint that was filed in this court, and neither party has submitted copies of the letters with their pleadings.

2

## Discussion

Plaintiff brings claims against United for breach of contract, promissory estoppel, and fraudulent misrepresentation arising from his unsuccessful effort to become a United pilot. United moves to dismiss plaintiff's claims.

### A.    Breach of Contract and Promissory Estoppel

United contends that the March 31 letter from United, that is referenced in plaintiff's complaint, did not offer plaintiff a position as a pilot, as he alleges, but instead only informed him that he had been accepted into United's flight training school. In addition, United argues, the letters do not contain sufficiently definite terms to create an employment promise or contract. Plaintiff quotes, in his objection, part of the March 31 letter that he alleges offered him a position as a United pilot: "We are pleased to advise you that our Pilot Selection Board has accepted you for our Flight Officer training program." He also quotes language from a second letter: "Congratulations on your acceptance as a Flight Officer with United Airlines. . . . Again welcome to United Airlines."

Plaintiff apparently agreed with United's argument that the letters were insufficient to demonstrate an enforceable employment contract, and sought to amend his complaint to remedy those deficiencies. Plaintiff's objection suggests that he intended to add that the specific terms of employment were provided by an applicable collective bargaining agreement.

"A complaint must contain factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996) (quotation omitted). Given the lack of necessary factual detail about the material terms of the alleged employment agreement in the filed complaint, the court agrees that plaintiff's allegations are insufficient to show that an enforceable employment agreement arose from the correspondence between United and plaintiff. See, e.g., Panto v. Moore Business Forms, Inc., 130 N.H. 730, 735 (1988); Soderlun v. Public Serv. Co. of Co., 944 P.2d 616, 620 (Colo. App.), cert. denied (Oct. 20, 1997).[2]

Similar principles apply to plaintiff's claim for promissory estoppel. Plaintiff must show "a promise reasonably understood as intended to induce action [that] is enforceable by one who relies upon it to his detriment or to the benefit of the promisor." Panto, 130 N.H. at 738. To be enforceable under a theory of promissory estoppel, an alleged promise must "be sufficiently specific so that the judiciary can understand the

_____

[2] Plaintiff contends that Colorado law governs his contract claim. United has not addressed the choice-of-law question, and relies on New Hampshire law. Because jurisdiction in this action is based on the parties' diverse citizenship, the court is guided by New Hampshire's choice-of-law principles. Crellin Technologies v. Equipmentlease Corp., 18 F.3d 1, 4 (1st Cir. 1994). In general, New Hampshire will apply the law of the state "with the most significant relationship to the contract." Glowski v. Allstate Ins. Co., 134 N.H. 196, 198 (1991). Here, however, the law of Colorado and New Hampshire do not seem to actually conflict, so a choice-of-law analysis is not necessary. See Brill v. Sinclair, 815 F. Supp. 44, 46 (D.N.H. 1993).

4

obligation assumed and enforce the promise according to its terms." Sunderlun, 944 P.2d at 620. "The application of estoppel rests largely on the facts and circumstances of the particular case." Great Lakes Aircraft Co. v. City of Claremont, 135 N.H. 270 289 (1992) (quotation omitted). Thus, reliance on a vague, undefined statement as a promise of employment would be both unreasonable and unenforceable. See, e.g., Kiely v. Raytheon, 105 F.3d 734, 736 (1st Cir. 1997).

Plaintiff's conclusory allegation, that he relied to his detriment on United's promise to hire him, does not provide sufficient factual information to assess whether a promise was made or what the nature of the promise or reliance might have been. Since the complaint does not allege an enforceable promise, plaintiff has not stated a claim for promissory estoppel.

## B. **Fraudulent Misrepresentation**

United asserts that plaintiff's fraud claim must be dismissed because he has not alleged fraud with sufficient particularity to meet the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." The purpose of Rule 9(b)'s particularity requirement is to provide defendants with notice of the acts forming the bases of

5

claims against them so that defendants may prepare meaningful responses. New England Data Servs. Inc. v. Becher, 829 F.2d 286, 292 (1st Cir. 1987). To fulfill Rule 9(b)'s purposes, plaintiff must specify "particular times, dates, places or other details of the alleged fraudulent involvement of the actors." Serabian v. Amoskeag Bank Shares, Inc., 24 F.3d 357, 361 (1st Cir. 1994). Conclusory allegations of fraud are insufficient to meet the Rule 9(b) pleading requirements. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).

"The tort of intentional misrepresentation, or fraud, must be proved by showing that the representation was made with knowledge of its falsity or with conscious indifference to its truth and with the intention of causing another person to rely on the representation." Patch v. Arsenault, 139 N.H. 313, 319 (1995). Plaintiff alleges that United falsely represented that it would hire him as a pilot when it had no intention of doing so.[3]

The representations plaintiff alleges United made to him were contained in the March 1993 letter, a subsequent congratulatory letter, and notification between March 1993 and August 1994 that his employment was delayed.[4] Even assuming that

_____

[3] In his objection, plaintiff indicates that he intended to amend his complaint to add allegations that he was qualified to be a United pilot in 1993 and 1994 and that United told him in 1994 that he was not qualified. These additional allegations would not save his fraud claim.

[4] Plaintiff says in his objection that United "made it clear" to him during interviews and meetings that if he were accepted into the flight training program, that would mean that

those representations are alleged with sufficient particularity to put United on notice of its allegedly fraudulent conduct, they do not state a claim for fraud. Plaintiff acknowledges in his objection that the March 31 letter offered him only an opportunity to attend United's flight training school, which he interpreted as an offer of employment. Plaintiff also alleges that between March 31, when he received the flight training letter from United, and August 1994, United informed him repeatedly that his employment was being delayed because of a limited number of spaces in the flight training program. Then, in September 1994, United informed plaintiff that he would not be hired as a pilot.

Plaintiff's sparse factual allegations show that United truthfully kept him informed of his status in the employment process. No facts are alleged that would suggest that United knew when it sent the March 31 letter that its content was false. Thus, plaintiff has not alleged a <u>misrepresentation</u> that United knew to be <u>false</u> and that United intended him to act on. Plaintiff's conclusory allegations of fraud, which are not consistent with his factual allegations, are also insufficient to meet Rule 9(b)'s pleading requirements. Consequently, plaintiff's fraud claim must be dismissed.

---

he had been hired as a pilot. Plaintiff did not include this allegation in his complaint, so it cannot be considered here as an alleged representation to him about employment.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss (document no. 5) is granted.  The clerk of court is instructed to enter judgment in favor of the defendant on all claims, and close the case.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

March 3, 1998

cc:   James W. Donchess, Esq.
      Mark D. Wiseman, Esq.