**Baldwin v. Kulch, et al.**               CV-98-333-M    08/26/99

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

William R. Baldwin;
Joan S. Baldwin


_____v.                                    Civil No. 98-333-M


Kulch Associates, Inc.;
Charles Kulch;
Does 1-100


### O R D E R


In this suit, brought under the Securities Act of 1993, 15
U.S.C. § 77*l*(a)(1), (2), and the Securities Exchange Act of 1934,
15 U.S.C. § 78*j*, plaintiffs allege that defendants Kulch
Associates, Inc., Charles Kulch, and Does 1-100 (collectively
referred to as Kulch) fraudulently induced them to purchase stock
in National Wood Products, Inc. (National Wood).  In addition to
the counts based on federal securities laws, plaintiffs also
assert claims based on New Hampshire's Blue Sky Law, New
Hampshire Revised Statutes Annotated (RSA) 421-B, and common law.
Currently before the court is defendants' motion to dismiss the
amended complaint, to which plaintiffs object.[1]

---

[1]Also before the court is plaintiffs' Supplemental
Memorandum of Law in Opposition to Defendants' Motion to Dismiss
(document 19), wherein plaintiffs assert that defendants' motion

## Background

The complaint is based on the allegation that defendants solicited plaintiffs' purchase of stock in National Wood. Approximately eighteen months after plaintiffs made their second and final investment in National Wood, they learned that the company had filed for bankruptcy protection.

Prior to its demise, National Wood was a wood products manufacturing company located in New Hampshire. Defendants initially solicited the Baldwins in October 1995, informing them that National Wood was a profitable investment that would generate generous returns. The Baldwins also were informed that Kulch was a Certified Public Accountant. Based on these assurances, the Baldwins invested five thousand dollars in National Wood's stock. Kulch solicited a second investment from the Baldwins in December 1995. Again, defendants represented that Kulch was a Certified Public Accountant and that the financial condition of National Wood was such that generous returns could be had on an investment in the company. Based on

---

to dismiss is untimely because the motion to extend time for filing motions to dismiss granted by the court on November 25, 1998, set December 20, 1998, as the deadline for filing. Defendants filed their motion to dismiss on December 21, 1998; as December 20, 1998, fell on Sunday, the motion was timely. See Fed. R. Civ. P. 6(a).

those representations, the Baldwins say they invested another fifteen thousand dollars in National Wood stock.

At a stockholders' meeting in July of 1996, Kulch again solicited the Baldwins to invest more money in National Wood stock.  At that meeting, Kulch presented the Baldwins with financial statements, prepared on Kulch Associates, Inc.'s letterhead, that showed National Wood as having a positive cash flow and assets in excess of liabilities.  The Baldwins did not make an additional investment, but decided against liquidating their twenty thousand dollar investment, given Kulch's representations.

In June of 1997 National Wood filed a voluntary Chapter 11 petition for reorganization, and in September of 1997 the case was converted to a Chapter 7 liquidation proceeding.  It is generally accepted that there will be no assets to distribute to creditors and investors.  The Baldwins have also learned that Kulch was not, and is not, a licensed accountant.

By order of October 29, 1998, the court (Devine, J.) dismissed those counts of the complaint based on section 12(1) of the Securities Act of 1933, RSA 421-B:5, RSA 309-B, and a common law breach of fiduciary duty theory.  Plaintiffs' filed a First Amended Complaint on November 20, 1998, which is the subject of defendants' pending motion to dismiss.

<u>Discussion</u>

1. <u>Standard of Review</u>

    a. <u>The Federal Rules</u>

Because defendants filed an answer to plaintiffs' amended complaint, and the pleadings closed, defendants' Rule 12(b)(6) motion will be treated as a Rule 12(c) motion for judgment on the pleadings.  <u>See</u> Fed. R. Civ. P. 7(a), 12(c); <u>see also</u> <u>Metromedia</u> <u>Steakhouses Co. v. Resco Management, Inc.</u>, No. 93-416, slip op. at 3 (D.N.H. Mar. 10, 1994).  Like a motion to dismiss, a motion for judgment on the pleadings shall be granted only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim."  <u>Santiago de Castro v.</u> <u>Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991); <u>see also</u> <u>Republic Steel Corp. v. Pennsylvania Eng'g Corp.</u>, 785 F.2d 174, 182 (7th Cir. 1986) (the standard of review is essentially the same for a 12(b)(6) and a 12(c) motion).  In making this determination, the court must accept plaintiffs' allegations as true and indulge every reasonable inference in plaintiffs' favor.  <u>See</u> <u>Santiago de Castro</u>, 943 F.2d at 130.

In the context of a motion to dismiss a claim of fraud or misrepresentation, however, the claim must also meet the special pleading requirements of Fed. R. Civ. P. 9(b).  <u>Romani v.</u> <u>Shearson Lehman Hutton</u>, 929 F.2d 875, 878 (1st Cir. 1991); <u>Hayduk</u>

**4**

v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985). Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b)'s particularity requirement is "to apprise the defendant of fraudulent claims and of the acts that form the basis for the claim[s]." Hayduk, 775 F.2d at 443. The United States Court of Appeals for the First Circuit "has been 'especially rigorous' in applying Rule 9(b) in securities fraud actions 'to minimize the chance that a plaintiff with a largely groundless claim will bring a suit and conduct extensive discovery in the hopes that the process will reveal relevant evidence.'" Maldonado v. Dominguez, 137 F.3d 1, 9 (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1223 (1st Cir. 1996); Romani, 929 F.2d at 878. Under Rule 9(b), a party alleging fraud must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1127 (2d Cir. 1994)). The court must dismiss a securities case under Rule 9(b) where the complaint merely pleads "fraud by

5

hindsight." See, e.g., Suna, 107 F.3d at 70; Greenstone v. Cambex Corp., 975 F.2d 22, 25-26 (1st Cir. 1992); Romani, 929 F.2d at 878. In other words, "a general averment that defendants 'knew' earlier what later turned out badly" does not convey the necessary particularity that Rule 9(b) requires. Greenstone, 975 F.2d at 25.

b. The Private Securities Litigation Reform Act

To curb perceived abuses in private securities lawsuits, Congress enacted the Private Securities Litigation Reform Act of 1995 (PSLRA). 15 U.S.C. § 78u-4. The act "establish[es] uniform and more stringent pleading requirements." H.R. Conf. Rep. 104-369. Congress sought to resolve a split among the circuits regarding the appropriate pleading standards for securities fraud actions. See William S. Lerach & Eric Alan Isaacson, *Pleading Scienter Under Section 21D(b)(2) of the Securities Exchange Act of 1934*, 33 SAN DIEGO L. REV. 893, 894 (1996). The PSLRA provides that in securities fraud cases "the complaint shall specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading . . . ." 15 U.S.C. § 78u-4(b)(1). The act further requires that when a claim requires scienter the complaint must "state with particularity

6

facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).

The PLSRA builds upon previous case law interpreting Rule 9(b)'s pleading requirements.  Section 78u-4(b)(1) "effectively codifies Ninth Circuit law interpreting [Rule] 9(b)'s provision requiring circumstances constituting fraud to be alleged with particularity."  Lerach & Isaacson, supra, at 894.  Previous Ninth Circuit law required plaintiffs to "'set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'"  Id. (quoting In re GlenFed Securities Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).  The pleading standard relating to scienter is based upon Second Circuit case law requiring the complaint to include facts supporting a strong inference of fraudulent intent.  See In re Silicon Graphics, 1996 WL 664639, *5 (N.D. Cal. Sep. 25, 1996).  There has been some debate, however, regarding whether Congress intended to adopt the Second Circuit's strong inference test, which could be satisfied by showing motive and opportunity to commit fraud.  See id. While some courts have interpreted the PSLRA's strong inference standard as a wholesale adoption of the Second Circuit standard, others have concluded that Congress intended to strengthen the

7

pleading standard. The First Circuit is in the latter category. Although it has not yet applied this provision, the First Circuit has stated that it does "not interpret the new standard to differ from that which this court has historically applied." Maldonado v. Dominguez, 137 F.3d 1, 9 (1st Cir. 1998). Moreover, the First Circuit explicitly has rejected the Second Circuit's "motive and opportunity" test. See id. at 10 n.6.

2. Defendants' Motion for Judgment on the Pleadings

The pending motion targets each count of the amended complaint. In particular, defendants argue that Counts I through IV fail to meet the pleading requirements of Rule (9)b and the PSLRA. Defendants also assert that Count VIII is barred by the statute of limitations and Count IX fails to state a claim.

Defendants further point out that the court's Order of October 29, 1998, unequivocally dismissed Counts VI and VII. The court agrees. Indeed, inclusion of these counts in the Amended Complaint arguably contravenes Rule 11's requirement that before signing a complaint, an attorney must ascertain that "the claims . . . and other legal contentions [in a pleading] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . ." Fed. R. Civ. P. 11(b)(2).

## a. Plaintiff's Waiver Argument

Plaintiffs main argument is that defendants have waived their objections by failing to raise them in their first responsive pleading. Although plaintiffs' brief only refers specifically to defendants' PLSRA arguments, plaintiffs' waiver argument appears to pertain to defendants' reliance on Rule 9 as well. The entirety of plaintiffs' argument is as follows: "It is axiomatic that affirmative defenses and non-jurisdictional objections which are not posited at the outset of the action are waived, and thus the Defendants have no right to raise the PSLRA . . . ." Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 2, 3, 4. Although it is not axiomatic, in some instances the federal rules do dictate that failure to raise a defense amounts to a waiver. See Fed R. Civ. P. 8(c), 12(g).

According to applicable rules, in addition to a number of defenses explicitly enumerated in Rule 8(c), a defendant must include any matter constituting an affirmative defense in its answer. Although there may be room for debate regarding which defenses qualify as "affirmative defenses" within the meaning of Rule 8(c), plaintiffs' argument does not present a close case.[2]

---

[2]Plaintiffs' argument that "non-jurisdictional objections" not raised in the first responsive pleading are waived, is incorrect. Whether or not failure to assert a defense amounts to a waiver cannot be determined by categorizing the defense as

**9**

Rule 9(b) and the PSLRA govern the manner in which a plaintiff must plead, just as Rule 8(a) governs pleading of civil actions that do not allege fraud.  These are the standards against which the court judges an allegation that the complaint fails to state a claim upon which relief may be granted.  See Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356, at 294 ("The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief . . . .  Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim . . . .").  According to Rule 12, although some of the defenses enumerated in subsection (b) are waived if not raised, "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."  Fed. R. Civ. P. 12(h)(2).

     b.  Failure to Plead with Specificity
          (1)  Section 10(b) and Rule 10b-5
     Section 10(b) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder, prohibit any person from, directly or

---

jurisdictional or nonjurisdictional.

**10**

indirectly, committing fraud in connection with the purchase or sale of securities.  See 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b.5 (1994); Rand v. Cullinet Software, Inc., 847 F. Supp. 200, 204 (D. Mass. 1994).  "[T]o prevail on a rule 10b-5 claim, a plaintiff must show: (1) a material misstatement or omission by the defendant; (2) scienter; (3) reliance; and (4) due care by the plaintiff."  Rand, 847 F. Supp. at 204-05 (citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 730 (1975)).

Under Rule 9, "'each defendant's role in the fraud must be particularized.'"  Schaffer v. Timberland Co., 924 F. Supp. 1298, 1321-22 (D.N.H. 1996) (quoting Shields v. Amoskeag Bank Shares, Inc., 766 F. Supp. 32, 40 (D.N.H. 1991)).  The entirety of plaintiffs' allegations is that in October 1995 and again in December 1995, defendants (defined as Charles Kulch, Kulch Associates, Inc., and Does 1 through 100) "represented to Plaintiffs that National Wood was a sound and profitable wood products company and that Plaintiffs' investments would generate dividends as well as a generous rate of return," and that "National Wood was poised to dominate the easel manufacturing market during the 1996-1997 holiday shopping season, and that such market power would further enhance the value of Plaintiffs' investments."  Complaint ¶¶ 7, 8, 16.  These allegations clearly do not specify each defendant's role in the fraud and fall far

**11**

short of meeting the particularity requirements of Rule 9 and the
PSLRA.

The first element of a securities fraud claim is a material
misstatement.  There is no allegation here that defendants'
statements were untrue when they were made.  "It is well
established that plaintiffs in a securities action have not
alleged actionable fraud if their claim rests on the assumption
that the defendants must have known of the severity of their
problems earlier because conditions became so bad later on."
Serabian v. Amoskeag Bank Shares, Inc., 24 F.3d 357, 361 (1st
Cir. 1994).  Although "'predictions "are not exempt" from the
securities laws . . . they are actionable only if the forecast
might affect a "reasonable investor" in contemplating the value
of a corporation's stock.'"  Suna v. Bailey Corp., 107 F.3d 64,
70 (1st Cir. 1997) (quoting Colby v. Hologic, Inc., 817 F. Supp.
204, 211 (D. Mass. 1993)).  The only factual allegation
plaintiffs offer in support of their contention that the
defendants' statements were fraudulent is that approximately
eighteen months after plaintiffs made their second investment,
National Wood filed a Chapter 11 bankruptcy petition, which was
subsequently converted to a Chapter 7 proceeding.  "Had
[plaintiffs] presented facts known by [defendants], and
contemporaneous with the statements above, that would show that

**12**

[the companies] anticipated success was unlikely, such facts would have adequately alleged a claim of securities fraud." <u>Id.</u> at 70. Although plaintiffs do allege that "many facts which would be detrimental to National Wood, all of which facts were known to the Defendants, and each of them, were withheld from the Plaintiffs," Complaint ¶ 20, the complaint never suggests what these facts might be.

Needless to say, plaintiffs' allegations do not "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." 15 U.S.C. § 78u-4(b). Not only do the pleadings not support the inference that defendants knew their statements were untrue, the pleadings fail even to provide factual allegations that could support the inference that defendants' statements were in fact false when made.

#### (2) Section 12(2)

The PSLRA, by express provision, does not apply to claims arising under the Securities Act of 1933. <u>See</u> 15 U.S.C. § 78u-4(b) (stating requirements apply to "any private action arising under <u>this</u> <u>chapter</u>"). Rule 9(b), however, does apply to an action brought under section 12(2) when a complaint is based on "allegations . . . of a unified course of fraudulent conduct

**13**

. . . ." Shaw, 82 F.3d at 1223. Although "[f]raud is not an element of a claim under . . . Section . . . 12(2), and a plaintiff asserting such a claim may avoid altogether any allegations of scienter or reliance," a 12(2) claim "may yet 'sound[] in fraud.'" Id. (quoting Haft v. Eastland Finan. Corp., 755 F. Supp. 1123, 1126 (D.R.I. 1991)).

Accordingly, the question is whether "fraud might be said to 'lie at the core of the action.'" Id. (quoting Hayduk, 775 F.2d at 443). In Shaw, the First Circuit declined to apply Rule 9(b) to a section 12(2) claim because "[a]lthough the complaint does assert that defendants actually possessed the information that they failed to disclose, those allegations cannot be thought to constitute 'averments of fraud,' absent any claim of scienter and reliance." Id. at 1223. In this case, the complaint's vagueness makes it difficult to determine whether fraud lies at its core. Although plaintiffs have alleged reliance, allegations of scienter, as discussed above, are plainly lacking. Nonetheless, plaintiffs do seem to have attempted to plead fraud; their complaint contains many fraud-based counts premised on identical underlying conduct. In contrast, the complaint to which the First Circuit did not apply Rule 9(b) "[did] not contain a claim for relief under section 10(b) and Rule 10b-5. [The complaint], rather, was intentionally drafted to omit claims of fraud, and

**14**

[was] limited to claims brought under sections 11 and 12(2)."
_Shaw_, 903 F. Supp. 173, 176 (D. Mass. 1995), _aff'd in part and_
_rev'd in part_, 82 F.3d 1194 (1st Cir. 1996); _see_ _Shaw_, 82 F.3d at
1223. Accordingly, it is appropriate to apply Rule 9(b) to this
claim, which in turn dictates its dismissal for the reasons
stated above. _See_ _supra_ section 2(b)(1).

Moreover, even if the complaint does not sound in fraud
sufficiently to justify application of Rule 9(b), the court finds
that plaintiffs have failed to meet even the minimal requirements
of a section 12(2) claim. _See_ _Suna_, 107 F.3d at 71-72. To
successfully allege a violation of section 12(2), plaintiffs must
point to "an untrue statement of a material fact." Plaintiffs in
this case have not indicated what was untrue about defendants'
statements, except that their predictions turned out to be
incorrect. Further, "'soft, puffing statements . . . generally
lack materiality because the market price of a share is not
inflated by vague statements predicting growth.'" _Id._ (quoting
_Raab v. General Physics Corp._, 4 F.3d 286, 289 (4th Cir. 1993).

c. Section 12(1) Claim

In Count VIII of their amended complaint, plaintiffs replead
their claim under section 12(1) of the Securities Act of 1933.
Defendants, however, argue that this count is untimely under the

**15**

applicable statute of limitations, which states, "No action shall be maintained to enforce any liability created under . . . section 77*l*(1) [12(1)] of this title, unless brought within one year after the violation upon which it is based."  15 U.S.C. § 77m.  While the limitations provision applicable to section 12(2) specifically states that an action may be brought "within one year of the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence," such language is notably absent from the provision relating to 12(1).  The majority rule, which the First Circuit follows, is that "the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation." Cook v. Avien, 573 F.2d 685, 691 (1st Cir. 1978); see Blatt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 916 F. Supp. 1343, 1353 (D.N.J. 1996) (the "vast majority of cases have concluded that the limitations period runs from the date of the violation regardless of whether the plaintiff knew of the violation.").  Straightforward application of the rule clearly bars plaintiffs' section 12(1) claim, which was filed more than three years after plaintiffs' final investment in National Wood.  Indeed, plaintiffs tacitly agree, as they offer no argument suggesting the claim is timely.  Although the statute of limitations is an affirmative defense that can be waived if

**16**

not pled in the first responsive pleading, plaintiffs' waiver argument is inapplicable to this issue as defendants' answer did plead the limitations defense.

3.  State-Law Claims

As plaintiffs' federal claims are hereby dismissed, and the amount in controversy does not meet the minimum required to establish diversity jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims.  See 28 U.S. C. §1367(c) (1994); Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) ("balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation").

Conclusion

For the abovementioned reasons, defendants' motion to dismiss (document 16) is granted as to all federal claims; the state claims are dismissed without prejudice to plaintiffs' pursuing them in state court.  The clerk shall enter judgment accordingly.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 26, 1999

cc:   Leonard W. Foy, Esq.
      Andrew W. Serell, Esq.