Darius **MOSTOWFI;** Teng Lew Lim; Fung Chee Lim; Teng Howe Lim, Plaintiffs—Appellants,

v.

I2 TELECOM INTERNATIONAL, INC.; Paul R. Arena; Bernard R. Kossar; Anthony F. Zalenski; Alex Oprescu; Ron Roswell; Jon Roberts; John

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Abokhair; Shauna Wertheim; Elliot D. Light; Roberts Abokhair & Mardula, LLP; Jim Leimbach; Stresser & Associates, PC; James Berg; Reed Smith, LLP, Defendants—Appellees.

No. 06–15597.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 4, 2008.

Noonan, Circuit Judge, concurred in part, dissented in part, and filed opinion.

Naren Chaganti, Town & Country, MO, for Plaintiffs-Appellants.

Kathryn J. Diemer, Diemer Whitman, San Jose, CA, Byron Spence Hollins, Esq., Hollins & Fields, Calabasas, CA, John S. Blackman, Esq., Farbstein & Blackman, San Mateo, CA, Boyd Sleeth, Esq., Joseph P. Mascovich, Esq., Reed Smith, LLP, Oakland, CA, for Defendants-Appellees.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Darius Mostowfi, Teng Lew Lim, Fung Chee Lim, and Teng Howe Lim ("the plaintiffs") appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction and under Rule 41(b). We affirm. Because the parties are familiar with the factual and procedur-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al history of this case, we need not recount it here.

## I

The district court properly dismissed the plaintiff's claims of copyright infringement. Under the Copyright Act of 1976, "the legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Thus, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.' " *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir.2005) (en banc) (quoting 17 U.S.C. § 501(b)).

It is undisputed that the Common Stock Purchase Agreement executed between the parties affirmed that SuperCaller, Inc., had ownership of all intellectual property, including patents and copyrights, that was necessary for the operation of the business. The plaintiffs conceded that Mostowfi had not individually sought or obtained copyright protection for the property at issue.

In addition, as the district court held, the disputed software was a "work made for hire." The Copyright Act provides that copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). However, if the work is made for hire, "the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). Section 101 of the Copyright Act defines a "work made for hire" as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. The creator of a work made for hire does not have a legal or beneficial interest in the copyright and therefore does not have standing to sue for infringement. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1142–43 (9th Cir.2003).

■ Mostowfi does not contest that any software he designed at SuperCaller would qualify as a work made for hire. The complaint alleges that Mostowfi created the VOIP technology, including the disputed software, within the scope of his employment at SuperCaller. Given this concession and the executed agreement acknowledging that the corporation had ownership of all intellectual property necessary for business operation, including copyrights, the district court did not err in concluding that SuperCaller, not Mostowfi, owns the copyright in its software. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (on a 12(b)(6) motion, a court does not need to accept as true allegations that are contradicted by "matters properly subject to judicial notice or by exhibit"). Because the plaintiffs did not own the copyright, the district court correctly held that the plaintiffs lacked standing to sue for infringement.

## II

We also affirm the district court's dismissal of the plaintiffs' RICO claim because it was not pled with the degree of particularity required by Rule 9(b). This court has held that Rule 9(b) "applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.2004). In addition, we have recognized that Rule 9(b) may apply to claims—that although lacking fraud as an element—are "grounded" or "sound" in fraud. *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir.2003) ("In some cases, the plaintiff may allege a unified course of fraudulent

conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).''). Here, the plaintiffs' RICO claim was "grounded" in fraud because it alleged a uniform course of fraudulent conduct.

Rule 9(b) provides, in pertinent part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cnty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotations omitted). In addition, a complaint must "set forth an explanation as to why the statement or omission complained of was false and misleading." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), *superseded by statute on other grounds as stated in In re Silicon Graphics, Inc.*, 970 F.Supp. 746, 754 (N.D.Cal.1997).

■ The plaintiffs' RICO cause of action fails to meet Rule 9(b)'s heightened pleading standard. Most of the alleged predicate acts are general statements about actions committed by the defendants that fail to identify the "who, what, when, where and how" of the misconduct charged. Likewise, several predicate acts allege violations of federal criminal statutes but do not specify who committed the violation, and when and where it occurred. As the district court correctly observed, these problems are exacerbated because the plaintiffs lump together the defendants without identifying the particular acts or omissions that each defendant committed.

To be sure, it is possible to identify some of the specific factual allegations underlying the RICO claim through a painstaking review of the lengthy fact section. For example, the plaintiffs allege that the defendants committed extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, "by using threats of deportation, jail, criminal prosecution and financial ruin," and in violation of "Cal.Penal Code § 518 et seq. when defendants interfered with commerce via unlawful threats, conspired to make threats of criminal prosecution and unwarranted civil litigation." The fact section details that at a September 16, 2002, board meeting Arena "threatened nearly 20–30 times to throw Lew Lim in jail, deport, and financially ruin him" and made a veiled threat to have Zalenski kill Lew Lim. While these allegations may have put Arena on notice of the charges of extortion, the fact section also suggests that Zalenski, Kossar and others may have played a role as well. Because the RICO claim does not detail which defendants are alleged to have committed which predicate acts, these defendants were unable to determine whether or to what extent their alleged conduct was the subject of the extortion predicate acts. Moreover, the facts section details numerous other incidents, apart from the September 16 board meeting, that could be construed as extortion. Since the plaintiffs failed to detail specifically which factual allegations support each predicate act, *none* of the defendants could determine with any certainty what allegations fell within the RICO claim.[1]

---

1. The plaintiffs allege that Arena and I2 Telecom engaged in a pattern of racketeering activity by filing false public disclosure statements with the SEC. While this allegation is

These problems are by no means limited to the extortion predicate acts. Indeed, the extortion predicate acts are probably the best pled of the lot. While it may be possible to piece together some of the factual allegations underlying some of the RICO predicate acts, our precedent requires more when it comes to allegations of fraud. Here, the complaint lacked the cognitive organization that would allow the district court and the defendants to determine exactly what alleged factual conduct formed the basis of the RICO predicate acts. As such, the plaintiffs failed to make the complaint "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993) (internal quotation marks omitted). These errors would perhaps be more understandable had the district court not previously explained to the plaintiffs how to plead their claims to meet Rule 9(b). In its May 23, 2005 order, the district court extensively reviewed the first amended complaint, pointed out its deficiencies, and gave detailed instructions on how to conform to Rule 9(b), including citations to the relevant standards. In addition, the district court ordered the plaintiffs to include citations to the underlying factual allegations from the facts section of the complaint—a suggestion that, if it had been followed, would have done much to strengthen the plaintiffs' complaint.

In sum, both the district court and the defendants were entitled to a coherent presentation of the plaintiffs' theory. Having afforded the plaintiffs several opportunities to correct the deficiencies, the district court did not commit reversible error in holding that the complaint did not satisfy Rule 9(b)'s heightened pleading standard.

### III

The district court did not abuse its discretion in refusing the plaintiffs a third opportunity to amend. Here, the district court gave the plaintiffs two opportunities to amend their complaint to comply with Rule 9(b). In its May 23, 2005 order, the district court stated it had "serious reservations" about giving the plaintiffs another opportunity to amend given the "unfocused character" of the first two complaints and expressly warned the plaintiffs that "[n]o further amendment will be permitted except for good cause shown." Under these circumstances, the district court did not abuse its discretion by denying leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir.1985) (finding "that dismissal of the counts after plaintiffs had two opportunities to amend their complaint was well within the discre-

stated with a reasonable degree of particularity, it is insufficient to sustain the RICO charge. First, I2's claim that it did not "expect" the legal proceedings to have a "materially adverse impact" on the company is not a factual statement that could be true or false. Second, the plaintiffs argue I2 falsely claimed it "filed for arbitration" because "no such arbitration proceeding has been initiated." However, as the plaintiffs acknowledge in their opening brief, I2 filed a motion to compel arbitration with the district court. Third,

a number of the allegations of falsity—for example, the plaintiffs' claim that there was no "purchase agreement" between I2 and SuperCaller—are based on the allegations of misconduct contained in other parts of the complaint which, for the reasons discussed above, are insufficient to satisfy Rule 9(b)'s heightened pleading standard. Fourth, some of the allegations—for example, the discussion of "undisclosed" liabilities—fail to state clearly what the false statement is or why it is false.

tion of the district court especially since the plaintiffs were notified before amending a second time that the allegations of fraud in their first amended complaint failed to meet the particularity requirements of Rule 9(b)").

## IV

We have analyzed the remaining issues raised on appeal and determined that they are without merit.

**AFFIRMED.**

NOONAN, Circuit Judge, concurring in part and dissenting in part:

I concur in the court's opinion except for its holding that the complaint "sounded in fraud" and was fatally unspecific. At the heart of the complaint are allegations that are specific as to time, place, the statements made, and the defendants who made them. These are allegations as to the stockholders' meeting of 9/16/02. They allege a viable RICO claim for extortion. It is unmistakably alleged that Arena threatened Lim with death.