**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1668
_____

UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF
COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF
FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS;
STATE OF INDIANA; STATE OF IOWA; STATE OF LOUISIANA; STATE OF
MICHIGAN; STATE OF MINNESOTA; STATE OF MONTANA; STATE OF
NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF
NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE
OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE
OF TEXAS; STATE OF VERMONT; STATE OF WASHINGTON;
COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PUERTO
RICO; COMMONWEALTH OF VIRGINIA; DISTRICT OF COLUMBIA; ex rel.
JOHN COLLADO

v.

BRACCO USA, INC.; BRACCO DIAGNOSTICS, INC.; ACIST MEDICAL
SYSTEMS, INC.; NYU LANGONE HEALTH SYSTEM, INC.; DUPAGE MEDICAL
GROUP; HONORHEALTH; SOUTHERN ILLINOIS HEALTHCARE ENTERPRISES,
INC.; KERN COUNTY HOSPITAL AUTHORITY; JOHN DOE DEFENDANTS 1–100


JOHN COLLADO,
                                        Appellant

_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-08719)
District Judge: Honorable Evelyn Padin
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2025

(Filed: May 1, 2025)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

Relator-Plaintiff John Collado appeals the District Court's order dismissing his *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq*., and state-FCA equivalents against Defendants Bracco USA, Inc., Bracco Diagnostics, Inc., and Acist Medical Systems, Inc. (collectively, Bracco); and NYU Langone Health System, Inc., DuPage Medical Group, HonorHealth, Southern Illinois Healthcare Enterprises, Inc., and Kern County Hospital Authority (collectively, Providers).  Because Collado failed to state a claim with the particularity required by Federal Rule of Civil Procedure 9(b) for fraud claims, we will affirm.

## I.     BACKGROUND

Bracco manufactures and sells imaging agents used to enhance contrast in the images produced by x-rays, MRIs, CT scans, and ultrasounds.  Imaging agents are administered to patients using power injector machines, which Bracco also manufactures and sells nationwide.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

During his career at one of Bracco's competitors, Appellant-Relator Collado learned that Bracco had—since at least 2014—been entering into "Injector Placement Agreements" (Agreements) with medical facilities, in which Bracco would provide them with free power injector machines in exchange for their agreement to buy 90% of their imaging agents from Bracco for a three-to-five-year period. JA239–41. If a medical facility stopped purchasing Bracco's imaging agents at the end of the Agreement's term, it could either return the machine or buy it at a 70% discount.

The Providers, each of which had entered into Agreements with Bracco, would then submit Medicare and Medicaid claims for imaging services and for imaging agents used to provide those services. The federal Anti-Kickback Statute prohibits any person or entity from giving or receiving anything of value, including "a discount or other reduction in price," to influence the purchase of another product or service reimbursable by a federal healthcare program, unless the value is "properly disclosed and appropriately reflected" in any claim for reimbursement. 42 U.S.C. § 1320a-7b(b)(1), (b)(2), (b)(3)(A); *see also* 42 C.F.R. § 1001.952(h). Claims submitted in violation of these provisions are "legally false" claims under the FCA. *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 94 (3d Cir. 2018).

In November 2021, Collado filed his first amended complaint,[1] alleging that the Agreements between Bracco and Providers were "sham[s]" designed to "conceal their transactions from the Government[] and to file false claims for reimbursement." JA62.

---

[1] Collado filed his action on behalf of the United States, various state and territorial governments, and the District of Columbia, but none elected to intervene.

3

The District Court dismissed his FCA and state fraud claims for failure to comply with Rule 9(b)'s heightened pleading standard and provided Collado with leave to amend. Collado attempted to do so with his second amended complaint, filed in March 2023. This time, Collado's complaint included as exhibits several of the Agreements signed by Providers. Although each contained a term requiring Providers to comply with the Anti-Kickback Statute's disclosure rule, Collado alleged that, "[u]pon information and belief," the Providers were not accounting for the free power injectors "when filing cost reports with federal agencies," and "Bracco [wa]s not taking these free power injectors into account in reporting its average sales prices of the [imaging agents] to [g]overnment [a]gencies." JA245. He alleged, in other words, that Providers were submitting legally false claims for reimbursement by falsely certifying their compliance with the Anti-Kickback Statute.

In March 2024, the District Court dismissed Collado's second amended complaint with prejudice for again failing to satisfy Rule 9(b)'s particularity requirement. Collado timely appealed, challenging the District Court's application of the Rule 9(b) standard.

## II.    DISCUSSION[2]

Pleadings under the FCA must "go well beyond Rule 8's threshold of plausibility," *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019), and "state with particularity the circumstances constituting fraud," Fed. R. Civ. P.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and 31 U.S.C. § 3732, and we have jurisdiction under 28 U.S.C. § 1291. We review a dismissal for failure to state a claim de novo. *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019).

4

9(b).  The essence of the particularity requirement is "the who, what, when, where, and how."  *Bookwalter*, 946 F.3d at 176 (quoting *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)).  A plaintiff complies with Rule 9(b) in a FCA suit when they allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."  *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 157–58 (3d Cir. 2014) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).

Collado's second amended complaint does not clear this bar.  Although Collado alleges in detail how free transfers of power injectors *could* have been used to defraud the government, "[d]escribing a mere opportunity for fraud will not suffice."  *Id.* at 158.  And Collado does not plead with particularity any "reliable indicia" suggesting Defendants failed to disclose the free transfers to the government.  Instead, he relies on one averment based on "information and belief."  JA245.  But because the complaint does not set forth the specific facts or basis upon which his belief is founded, it falls short of Rule 9(b)'s heightened pleading requirements.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013–14 (11th Cir. 2005).

Collado contends his allegations are bolstered by the Agreements attached to his second amended complaint.  But each Agreement expressly required Providers to comply with the Anti-Kickback Statute by properly disclosing the value of the discounted power injector.  So the contracts exhibited by Collado suggest, if anything, that false claims were *not* submitted.  It remains possible, of course, that these contracts are—as Collado

5

alleges—"sham[s]." *See, e.g.*, JA211. But Rule 9(b) requires more than bare allegations of illegality accompanied by "facts that could plausibly have either a legal or illegal explanation." *United States ex rel. Silver v. Omnicare, Inc.*, 903 F.3d 78, 92 (3d Cir. 2018). Here, "the possibility of a legitimate explanation"—that Bracco and the Providers entered into a mutually beneficial contract and complied with their express contractual terms not to defraud the government—"undermines the strength of the inference of illegality." *Id.*

Collado next argues that the District Court should have relaxed Rule 9(b)'s rigid pleading requirements. But relaxation is unwarranted because Collado has not made the requisite showing that the factual information at issue lies exclusively within Defendants' knowledge or control. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992); *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645–46 (3d Cir. 1989). And even under a relaxed Rule 9(b) standard, "[p]laintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997), and provide "facts indicating why the charges against defendants are not baseless," *Craftmatic*, 890 F.2d at 646. As the District Court recognized, Collado's sweeping allegation based purely on "information and belief," JA245—that none of the Defendants properly disclosed their Agreements to the government in the almost ten-year period addressed by his complaint—still fails to meet this mark, *see Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.

1985). So "even under a relaxed application of Rule 9(b)," Collado's "boilerplate and conclusory allegations will not suffice." *In re Burlington*, 114 F.3d at 1418.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.